# ORIGINAL

## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

OHIO CASUALTY GROUP, as :
Subrogee of ERIC STAUB :
        Plaintiff :
                   :    CIVIL ACTION NO/:CV01-0785
    v.               :    JURY TRIAL DEMANDED
                   :
J & J INVESTMENT MANAGEMENT :
COMPANY :
        Defendant :

**FILED**

**JUL 2 3 2001**

PER _____ HARRISBURG, PA.

## ANSWER WITH AFFIRMATIVE DEFENSES

    Defendant, J & J Investment Management Company, by and through their counsel, Durkin

and Associates, respectfully responds to the Plaintiff's Complaint and states the following:

    1.    Denied. Defendant is without sufficient knowledge or information to form a belief

as to the truth of the averments of this paragraph of Plaintiff's Complaint.

    2.    Admitted.

    3.    Denied. Defendant is without sufficient knowledge or information to form a belief

as to the truth of the averments of this paragraph of Plaintiff's Complaint.

    4.    Denied. This paragraph of Plaintiff's Complaint states a conclusion of law for which

no response is required and is accordingly denied.

    5.    Denied. Defendant is without sufficient knowledge or information to form a belief

as to the truth of the averments of this paragraph of Plaintiff's Complaint.

    6.    Denied. Defendant is without sufficient knowledge or information to form a belief

as to the truth of the averments of this paragraph of Plaintiff's Complaint.

    7.    Admitted.

8.    Admitted in part; denied in part. It is admitted that a fire occurred on May 26, 2000 at 213 North Broad Street, York , Pennsylvania. The remainder of this paragraph is denied in that Defendant is without sufficient knowledge or information to form a belief as to the truth of the averments regarding the spread of the fire and damage, if any, to Plaintiff's property.

9.    Denied. Defendant is without sufficient knowledge or information to form a belief as to the truth of the averments of this paragraph of Plaintiff's Complaint.

10.    Denied. Defendant is without sufficient knowledge or information to form a belief as to the truth of the averments of this paragraph of Plaintiff's Complaint.

11.    Denied. Defendant is without sufficient knowledge or information to form a belief as to the truth of the averments of this paragraph of Plaintiff's Complaint.

## COUNT ONE

## NEGLIGENCE

12.    Defendant hereby incorporates by reference the answers contained in paragraphs 1 through 11 above, as though each were fully set forth at length herein.

13.    Denied. This paragraph of Plaintiff's Complaint states a conclusion of law for which no response is required and is accordingly denied. By way of further response, it is specifically denied that defendant:

(a)    Failed to safely and properly secure and maintain its property;

(b)    Failed to take measures to prevent a fire during and/or following the ownership of the property;

(c)    Failing to take all reasonable, proper and necessary precautions for the protection and safety of its own property, the subject premises and Eric Staub's property;

(d)    Allowed a dangerous condition to exist within its property, which condition

created an unreasonable risk of harm to the subject premises and Eric Staub's property;

    (e)    Failed to direct and supervise its employees and/or subcontractors;

    (f)    Permitted its employees and/or subcontractors to create an unreasonable risk of fire;

    (g)    Failed to comply with the applicable standards, codes, instructions and/or regulations;

    (h)    Failed to exercise proper and adequate care of the property as manager and/or owner of its property;

    (i)    Failed to maintain its property in such a condition as to prevent the risk of fire to the subject premises;

    (j)    Failed to secure its property or allowed the property to be in a state of disrepair which created a risk of harm by fire to the subject premises; and

    (k)    Failed to adequately secure its vacant property to protect the subject premises under the circumstances.

14.    Denied. It is specifically denied that Defendant was negligent, careless and/or reckless. By way of further denial, this paragraph of Plaintiff's Complaint states a conclusion of law for which no response is required.

**WHEREFORE**, Defendant demands that judgment be entered in its favor and against Plaintiff and that Defendant receive an award for the attorney's fees and costs associated with the defense of this frivolous lawsuit.

## AFFIRMATIVE DEFENSES

15.    Defendant hereby incorporates by reference the answers contained in paragraphs 1 through 14 above, as though each were fully set forth at length herein.

16.     Plaintiff has failed to state a claim upon which relief can be granted.

17.     Defendant's premises were properly secured.  Defendant did not act negligently, carelessly and/or recklessly.

18.     The affirmative defenses of comparative negligence and assumption of the risk are not waived and are hereby asserted.

19.     Plaintiff's action is barred by all applicable Statutes of Limitations.

20.     Plaintiff has failed to mitigate its damages.

21.     The fire which caused damage to the Plaintiff's premises and property was not caused as a result of any negligence, carelessness or recklessness by the Defendant or any of its employees and/or subcontractors.

22.     Defendant has complied with all applicable standards, codes, instructions and regulations.

23.     Defendant exercised proper and adequate care of their property.

24.     If there is a determination that Defendant was negligent, said allegations which are specifically denied by Defendant, any negligent conduct or actions were not the probable cause of the damages sustained by the Plaintiff.

25.     Plaintiff's action is barred in that Plaintiff lacks standing.

26.     Plaintiff's action is barred in that it is a subrogation action and no contracts have been appended to Plaintiff's Complaint to establish the subrogation relationship between Plaintiff and Eric Staub.

**WHEREFORE**, Defendant demands that judgment be entered in its favor and against Plaintiff and that Defendant receive an award for the attorney's fees and costs associated with the defense of this frivolous lawsuit.

Respectfully submitted,

_____
Martin A. Durkin, Jr., Esquire
DURKIN & ASSOCIATES
1617 John F. Kennedy Boulevard
Suite 1520
(215) 569-9090
Attorney ID No.: 37279

DATE: July 20, 2001

## CERTIFICATE OF SERVICE

MARTIN A. DURKIN, JR., ESQUIRE, hereby certifies that a true and correct copy of the foregoing Defendant's Answer with Affirmative Defenses has been forwarded to counsel listed below by United States First-Class mail, postage pre-paid, on the 20th day of July, 2001 as follows:

James P. Cullen, Jr., Esquire
Hayes A. Hunt, Esquire
**COZEN AND O'CONNOR**
The Atrium, 1900 Market Street
Philadelphia, PA 19103

Clerk of Courts
**U.S. DISTRICT COURTHOUSE**
228 Walnut Street
P.O. Box 983
Harrisburg, Pennsylvania   17108


MARTIN A. DURKIN, JR.