**Principal factual issues that the parties dispute**

1.11    Whether or not J & J properly secured its property before May 26, 2000.

1.12    Whether or not J & J Investment Management Company was negligent.

1.13    Whether J & J Investment Management Company's negligence, if any, was a substantial cause of the loss sustained by the Plaintiff.

**Principal factual issues that the parties agree upon**

1.20    None at this time.

**Principal legal issues that the parties dispute**

1.31    The parties dispute the legal cause of the fire: i.e., Staub or J & J.

1.32    The parties dispute the nature and scope of damages.

1.33    The parties dispute whether J & J was negligent.

**Principal legal issues that the parties agree upon**

1.40    Parties agree that any negligence on the part of Eric Staub is attributable to Plaintiff, the Ohio Casualty Group.

1.41    Parties agree that the Plaintiff has the burden of proving by preponderance of the evidence the fire was caused by the negligence of J & J.

1.42    The parties agree that the Plaintiff has the burden of proving any and all damages allegedly sustained as a result of the fire.

1.43    The parties agree that J & J has the burden of proving any comparative negligence on behalf of Eric Staub.

1.50    **Unresolved issues as to service, jurisdiction, or venue**

Defendant J & J Investment Management Company intends to file a Third-Party action against the contractor who secured the premises and, perhaps, another individual who was performing work at the premises around the time of the fire.

1.60    **Named parties not served**

See section 1.50 above.

1.70    **Joinder of additional parties**

See section 1.50 above.

1.80    **Additional Claims**

None.

2.0    **Alternative Dispute Resolution**

The parties do not consent to alternative dispute resolution at this time.

3.0    **Consent to Jurisdiction by a Magistrate Judge**

The parties do not consent to jurisdiction by a Magistrate Judge.

4.0    **Disclosures**

4.100    **Witness disclosure**

**By Plaintiff:**

| | |
|---|---|
| Eric and Vinette Staub | Plaintiff |
| Lee McAdams | Expert |
| John Lyter | Adjuster |
| Mark Snyder | Subrogation Analyst |
| Greg Zapf | Subrogation Analyst |
| Dan Kennedy | Subrogation Analyst |
| Nick A. Boskovich | Subrogation Analyst |
| Robert Foltz | Ins. Repair Specialist |
| John Senft | Fire Chief |
| Troy Cromer | Officer |
| Charlie Robertson | Mayor |
| Tom Arnold | Lieutenant |
| Martin A. Durkin, Jr., Esquire | Attorney for Defendant |
| Blain Rentzel | Lost Home |
| Beronia Jackson | Lost Home |
| Dale Price | Lost Home |
| Annette Ocasio | Lost Home |
| Jennifer Melendez | Lost Home |
| Dwayne Crall | Lost Home |

| | |
|---|---|
| Scott Royster | Witness to Fire |
| Cricket Ilgenfritz | Witness to Fire |
| Bob Boettcher | Witness to Fire |
| Sterling Boettcher | Witness to Fire |
| Marc Steidler | Witness to Fire |
| Jesse Patterson | Witness to Fire |

Plaintiff reserves the right to supplement these disclosures during the course of discovery.

**By Defendants:**

J & J Investment Management Company respectfully incorporates the witness disclosure list provided by the Plaintiff and will supplement this list shortly as initial discovery may warrant.

### 4.200  Categories of documents disclosed or produced through formal discovery

**By Plaintiff:**

Plaintiff has produced a complete copy of the claims file which included an itemization of all damages and expenses paid by plaintiff, the Ohio Casualty Group.

None to date.

### 4.300  Additional documents that will be disclosed

4.301  **By Plaintiff:**  Plaintiff will supplement any discovery responses regarding additional expenses and claims which may arise.

4.302  **By Defendant J & J Investment Management Company:** Defendant will provide discoverable portions of J & J carrier's claims file, as well as photographs, recorded statements and documents concerning Plaintiff's damages claims.

### 4.400  Plaintiff calculations of damages and Defendant's offset

**By Plaintiff:**

Plaintiff has paid $133,660.12 damages arising from this fire.

Defendants dispute all alleged damages sought by Plaintiff.

5.0   **Motions**

Plaintiff, the Ohio Casualty Group, reserves the right to file timely dispositive motions upon completion of discovery.

Defendant, J & J, reserves the right to file timely dispositive motions including Motions for Summary Judgment upon completion of discovery in this case. Defendants request 45 days after the close of discovery within which to file dispositive motions including, but not limited to Motions for Summary Judgment.

6.0   **Discovery**

6.100  **Completed or in progress**

None.

6.200  **Discovery all parties agree should be conducted**

The parties agree that depositions of all parties and potential witnesses will be taken.

The parties will exchange and answer written discovery.

6.300  **Discovery that one or more parties want(s) to conduct, to which another party objects**

None.

6.400  **Subject area limitations on discovery that one or more parties would like imposed**

None.

6.500  **Recommended per-party or per side limitations on:**

| | |
|---|---|
| Depositions (excluding experts): | 10 per party |
| Interrogatories to be served: | 35 |
| Requests for Production to be served: | 35 |
| Requests for Admission to be served: | 25 |

6.600  **Discovery deadline:**

January 31, 2002

**6.700 Reports from Retained Experts due:**

January 31, 2002

**6.800 Supplemental Reports Due:**

February 15, 2002

**7.0    Protective Orders**

None sought at this time.

**8.0    Certification of settlement authority**

James P. Cullen, Jr., Esquire
Cozen and O'Connor
1900 Market Street
The Atrium - 3rd Floor
Philadelphia, PA  19103
(215) 665-4102
Counsel for Plaintiff

Martin A. Durkin, Jr., Esquire
Durkin & Associates
1617 John F. Kennedy Boulevard
Suite 1520
(215) 569-9090
Counsel for Defendant

**9.0    Scheduling**

9.1  Trial in approximately  400  days from filing of action.

9.2  Suggested date for trial:  June, 2002

9.3  Suggested date for final pre-trial conference:  May, 2002

9.4  Final date for joining additional parties:  October 31, 2001

9.5  Final date for amending pleadings:  October 31, 2001

9.6  All potentially dispositive motions should be filed by:

45 days after close of discovery

**10.0   Other matters**

None at this time.

**11.0   Lead Counsel**

James P. Cullen, Jr., Esquire
Cozen and O'Connor
1900 Market Street
The Atrium - 4th Floor
Philadelphia, PA 19103
(215) 665-4102
Counsel for Plaintiff

Martin A. Durkin, Jr., Esquire
Durkin & Associates
1617 John F. Kennedy Boulevard
Suite 1520
(215) 569-9090
Counsel for Defendant

**DURKIN & ASSOCIATES**

Date: 9/7/01

Martin A. Durkin, Jr., Esquire
Durkin & Associates
1617 John F. Kennedy Boulevard
Suite 1520
(215) 569-9090
Counsel for Defendant

**COZEN AND O'CONNOR**

Dated: 9/7/01

James P. Cullen, Jr., Esquire
1900 Market Street
The Atrium, 3rd Floor
Philadelphia, PA  19103
*Attorney for Plaintiff*

&

Hayes A. Hunt, Esquire
1900 Market Street
The Atrium, 3rd Floor
Philadelphia, PA  19103
*Attorney for Plaintiff*