

(14) 1/14/02

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| OHIO CASUALTY GROUP, as Subrogee of ERIC STAUB<br>Plaintiff | : | |
| v. | : | CIVIL ACTION NO. CV01-0785<br>JURY TRIAL DEMANDED |
| J & J INVESTMENT MANAGEMENT COMPANY<br>Defendant | : | |

FILED
JAN 11 2002

**MOTION OF DEFENDANT, J&J INVESTMENT MANAGEMENT COMPANY, TO FILE AND SERVE THIRD-PARTY COMPLAINT**

Defendant, J & J Investment Management Company, by and through their counsel, Durkin and Associates, respectfully moves this Court as follows:

1. On May 4, 2001, Plaintiff commenced the above action against Defendant.

2. On July 23, 2001, Defendant filed its Answer with New Matter and served it upon Plaintiffs counsel on July 20, 2001.

3. Shortly thereafter, Defendant's counsel then commenced investigation and research with regard to the incident alleged incident complained of in the Complaint.

4. Due to discovery and investigation, which occurred after its Answer was filed and served, Defendant has recently discovered information which has revealed other parties/individuals who is or may be liable to Defendant for all or part of Plaintiff's claim against it.

Accordingly, Defendant seeks to file and serve a Third-Party Complaint against Al Budrow residing at 3975 Craig Avenue, Dover PA 17315 and Richard Edwards Wonders, t/a as Wonders General Contracting at 2765 Windsor Road, Windsor, PA 17366.

WHEREFORE, Defendant, J&J Investment Management Company, respectfully requests that this Honorable Court grant its Motion and give leave for it to file and serve Third-Party Complaints against Al Budrow and Richard Edwards Wonders.

Respectfully submitted,

Martin A. Durkin, Jr., Esquire
**DURKIN & ABEL**
1617 John F. Kennedy Boulevard
Suite 1520
(215) 569-9090
Attorney ID No.: 37279

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| OHIO CASUALTY GROUP, as Subrogee of ERIC STAUB | : | |
| Plaintiff | : | |
| | : | CIVIL ACTION NO. CV01-0785 |
| v. | : | JURY TRIAL DEMANDED |
| | : | |
| J & J INVESTMENT MANAGEMENT COMPANY | : | |
| Defendant | : | |

**ORDER**

AND NOW this day of 2002 upon consideration of Motion of Defendant, J&J Investment Management Company, to File and Serve Third-Party Complaint and Memorandum of Law in Support Thereof, and Plaintiffs' Response thereto, it is hereby ORDERED that Defendant is given leave to file and serve Third-Party Complaints against Al Budrow and Richard Edwards Wonders t/a Wonders General Contracting.

BY THE COURT:

_______________________________ J.

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| OHIO CASUALTY GROUP, as Subrogee of ERIC STAUB, Plaintiff | : | |
| v. | : | CIVIL ACTION NO. CV01-0785<br>JURY TRIAL DEMANDED |
| J & J INVESTMENT MANAGEMENT COMPANY, Defendant | : | |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF DEFENDANT, J&J INVESTMENT MANAGEMENT COMPANY, TO FILE AND SERVE THIRD-PARTY COMPLAINT**

## I. FACTS

This action was commenced by Plaintiff, Ohio Casualty Group, as a subrogation action. Ohio Casualty Group insured premises adjoining a house owned by Defendant, J&J Investment Management Company ("J&J") in Harrisburg, Pennsylvania. The property owned by J&J was the subject of an arson fire which was set by vandals and/or persons unknown. The fire spread to the adjoining premises, causing damages which necessitated the adjustment of a first-party property insurance claim submitted to the Plaintiff by its insured. Plaintiff's Complaint is based on a theory of negligence.

During the course of discovery, Defendant has learned that one of the critical factual issues relates to the Plaintiff's allegation that the premises was not secured or was improperly secured. Defendant retained the services of a contractor and a handyman, prior to the fire, to make improvements to the property, to remove debris and to secure the premises. The third-party action which the Defendant desires to file names Al Budrow and Richard Edward Wonders t/a Wonders

General Contracting as third-party defendants based upon the same theory of negligence as pled by Plaintiff in their Complaint against Defendant.

## II. LEGAL ARGUMENT

Federal Rule of Civil Procedure 14 governs third-party practice. It allows for the commencement of a third-party action, ten days after service of the original Answer, upon motion to the Court:

> **RULE 14 THIRD-PARTY PRACTICE**
>
> (a) **When Defendant May Bring In Third-Party.** At any time after commencement of the action, a third party plaintiff, may cause a summons and complaint to be served upon a person not a party to the action who is or may be liable to the third-party plaintiff for all or part of the plaintiff's claim against the third-party plaintiff ... Otherwise, the third-party plaintiff must obtain leave on motion upon notice to all parties to the action.
>
> * * *

Based upon its investigation into this matter as has evolved during the discovery process, Defendant/Third-Party Plaintiff believes that the Third-Party Defendants may be liable to Plaintiff for the damages sustained as a result of the fire loss.

## III. CONCLUSION

For the aforesaid reasons, Defendant respectfully moves this Honorable Court to issue an Order granting its Motion to give leave for it to file and serve Third-Party Complaints against Al Budrow and Richard Edwards Wonders.

Respectfully submitted,

[signature]

Martin A. Durkin, Jr., Esquire
**DURKIN & ABEL**
1617 John F. Kennedy Boulevard
Suite 1520
(215) 569-9090
Attorney ID No.: 37279

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

OHIO CASUALTY GROUP, as
Subrogee of ERIC STAUB
Plaintiff

v.

J & J INVESTMENT MANAGEMENT
COMPANY
Defendant

v.

AL BUDROW
3975 Craig Avenue
Dover PA 17315
Third-Party Defendant

and

RICHARD EDWARD WONDERS,
t/a, WONDER GENERAL
CONTRACTING
2765 Windsor Road
Windsor, PA 17366
Third-Party Defendant

CIVIL ACTION NO. CV01-0785

JURY TRIAL DEMANDED

**THIRD -PARTY COMPLAINT**

Defendant and Third-Party Plaintiff, J&J Investment Management Company (hereinafter referred to as "J&J"), by and its attorney, Martin A. Durkin, Jr., Esquire, by way of Third-Party Complaint says:

**PARTIES**

1. Plaintiff, Ohio Casualty Group, (hereinafter referred to as "OCG"), is a corporation duly organized and existing under the laws of the State of Ohio, with its principle place of business located at 9450 Seward Road, Fairfield, Ohio, who, at all times material hereto, was engaged in the business of insurance and was licensed to do business in the Commonwealth of Pennsylvania.

2. Defendant and Third-Party Plaintiff, J&J Investment Management Company, (hereinafter referred to as "J&J), is a corporation duly organized and existing under the laws of the Commonwealth of Pennsylvania, with its principal place of business located at 208 Knob Creek Lane, York, Pennsylvania 17360.

3. Third- Party Defendant, Al Budrow, (hereinafter referred to as "Budrow"), is an adult individual residing at 3975 Craig Avenue, Dover PA 17315.

4. Third-Party Defendant, Richard Edward Wonders, t/a Wonder General Contractors,, (hereinafter referred to as "Wonders"), is an individual and sole proprietorship residing and doing business at 2765 Windsor Road, Windsor, PA 17366.

5. On May 4, 2001, OCG, as subrogee of their insured, Eric Staub, filed a complaint against J&J in the U.S. District Court for the Middle District of Pennsylvania (Docket #1:CV01-0785).

## JURISDICTION AND VENUE

6. Jurisdiction is invoked under the provisions of 28 U.S.C. Section 1332 because the matter in controversy exceeds $75,000.00, exclusive of interest and costs and the controversy is between parties of different states and under the provisions of 28 U.S.C. Section 1367.

7. Venue is proper under the provisions of U.S.C. Section 1391 because the Middle District because this is the judicial district in which the claim arose.

## FACTS

8. Third-Party Plaintiff, J&J, hereby incorporates by reference thereto the allegations contained in paragraphs 1-7 as those were fully set forth at length herein

10. On or about May 26, 2000, J&J owned and managed at property located at 213 North Broad Street, York, Pennsylvania 17403. (hereinafter referred to as the "213 N. Broad").

11. On or about May 26, 2000, a fire, (hereinafter referred to as "the fire"), occurred at 213 N. Broad and caused extensive damage to the property rendering it uninhabitable and unable to be rented or sold.

12. The fire originated in 213 N. Broad as a result of an act of arson by unknown persons/vandals who broke into 213 N. Broad and intentionally started the fire in the living room area with a flammable liquid.

13. On or about May 26, 2000, the fire spread to 217 N. Broad Street, York, Pennsylvania 17403, (hereinafter referred to as 217 N. Broad), which was owned by and resided in by Eric Staub and caused damage to Eric Staub's real and personal property.

14. On or about May 26, 2000, OCG provided property insurance coverage to Eric Staub for, inter alia, his real and personal property.

15. Eric Staub subsequently made a claim under his property insurance and OCG made payments to Eric Staub in excess of $75,000.00.

16. Prior to May 26, 2000, J&J hired Wonders to change the locks on the front door and secure the rear door of the property located at 213 N. Broad.

17. Prior to May 26, 2000, J&J contracted Wonders, as an independent contractor, to clean trash from back yard and to do miscellaneous repairs at 213 N. Broad.

18. Prior to May 26, 2000, J&J and/or Wonders contracted Budrow, as an independent contractor, to clean back yard and mow grass and to clean up all debris from inside the house and preform renovations on the property at 213 N. Broad.

**COUNT ONE - NEGLIGENCE**
**THIRD-PARTY PLAINTIFF, J&J V. THIRD-PARTY DEFENDANT, WONDERS**

19. Third-Party Plaintiff, J&J, hereby incorporates by reference thereto the allegations contained in paragraphs 1-18 as those were fully set forth at length herein

20. The fire and resultant damages to 213 N. Broad were the proximately caused by the negligence, carelessness and/or recklessness of Third-Party Defendant, Wonders, his agents, servants and employees acting within the scope of thief employment, as follows:

a. failure to exercise proper and adequate care in performing the services for which he was contracted;

b. failure to exercise proper care and render good quality workmanship in securing all entrances and in removing all debris from 213 N. Broad;

c. failure to comply with applicable standards, codes, instructions and/or regulations

d. failure to secure the locks and doors properly;

e. failure to use and install adequate and secure locking devices;

f. failure to properly secure all entrances and/or doors;

g. failure to properly supervise his employees and/or subcontractors;

21. As a direct and proximate result of the foregoing negligence, carelessness and/or recklessness of Third-Party Defendant, Wonders, his agents, servants, and employees acting within the scope of their employment, the fire resulting is damage to J&J's property.

WHEREFORE, Third-Party Plaintiff, J&J, demands judgment against Third-Party Defendant, Wonders, as follows:

a. Third-Party Defendants are liable for all of the damages claimed by all Plaintiffs; or

b. Third-Party Defendants must indemnify and/or provide contribution to the Third-Party Plaintiff for any judgment entered against him in favor or the Plaintiffs in the underlying lawsuit

c. Third-Party Defendants are liable and must indemnify Third-Party Plaintiff for counsel fees, all costs of this suit and any other relief the Court deems just and equitable

**COUNT TWO - NEGLIGENCE**
**THIRD-PARTY PLAINTIFF, J&J V. THIRD-PARTY DEFENDANT, BUDROW**

22. Third-Party Plaintiff, J&J, hereby incorporates by reference thereto the allegations contained in paragraphs 1-21 as those were fully set forth at length herein

23. The fire and resultant damages to 213 N. Broad were the proximately caused by the negligence, carelessness and/or recklessness of Third-Party Defendant, Budrow, his agents, servants and employees acting within the scope of thief employment, as follows:

a. failure to exercise proper and adequate care in performing the services for which he was contracted;

b. failure to exercise proper care and render good quality workmanship in securing all entrances and in removing all debris from 213 N. Broad;

c. failure to comply with applicable standards, codes, instructions and/or regulations

d. failure to secure the locks and doors properly;

e. failure to use and install adequate and secure locking devices;

f. failure to properly secure all entrances and/or doors;

g. failure to properly supervise his employees and/or subcontractors;

24. As a direct and proximate result of the foregoing negligence, carelessness and/or recklessness of Third-Party Defendant, Budrow. his agents, servants, and employees acting within the scope of their employment, the fire resulting is damage to J&J's property.

WHEREFORE, Third-Party Plaintiff, J&J, demands judgment against Third-Party Defendant, Budrow, as follows:

a. Third-Party Defendants are liable for all of the damages claimed by all Plaintiffs; or

b. Third-Party Defendants must indemnify and/or provide contribution to the Third-Party Plaintiff for any judgment entered against him in favor or the Plaintiffs in the underlying lawsuit

c. Third-Party Defendants are liable and must indemnify Third-Party Plaintiff for counsel fees, all costs of this suit and any other relief the Court deems just and equitable

Respectfully submitted,

Martin A. Durkin, Jr., Esquire
**DURKIN & ABEL, P.C.**
1617 JFK Boulevard
Suite 1520
Philadelphia, PA 19103

**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| OHIO CASUALTY GROUP, as Subrogee of ERIC STAUB, Plaintiff, | : | |
| v. | : | **CIVIL ACTION NO.: CV01-0785** **JURY TRIAL DEMANDED** |
| J & J INVESTMENT MANAGEMENT COMPANY, Defendant. | : | |

**CERTIFICATE OF CONCURRENCE**

I, Martin A. Durkin, Jr., counsel for Defendant, hereby aver that counsel for the Plaintiffs concurs with the Motion to File and Serve Third-Part Complaint.

Respectfully submitted,

**DURKIN & ABEL, P.C.**

By: ______________________
Martin A. Durkin, Jr., Esquire

**CERTIFICATE OF SERVICE**

MARTIN A. DURKIN, JR., ESQUIRE, hereby certifies that a true and correct copy of the foregoing Motion of Defendant, J&J Investment Management Company, to File and Serve Third-Party Complaint and Memorandum of Law in Support Thereof has been forwarded to counsel listed below by United States First-Class mail, postage pre-paid, on the January 7, 2002 as follows:

James F. Malloy, Esquire
**NELSON LEVINE De LUCA & HORST**
Three Valley Square, Suite 280
512 Township Line Road
Blue Bell, PA 19422

Hayes A. Hunt, Esquire
**COZEN O'CONNOR**
The Atrium, 1900 Market Street
Philadelphia, PA 19103

MARTIN A. DURKIN, JR.