*1 ck* *3rd Pty Summons issued to: Al Budrow + Richard E. Wonders t/a - Wonder General Contracting. N|C to atty.* (20) 5/20

ORIGINAL

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| OHIO CASUALTY GROUP, as Subrogee of ERIC STAUB<br>　　　　Plaintiff<br><br>v.<br><br>J & J INVESTMENT MANAGEMENT COMPANY<br>　　　　Defendant<br>v.<br><br>AL BUDROW<br>3975 Craig Avenue<br>Dover PA 17315<br>　　　　Third-Party Defendant<br>and<br><br>RICHARD EDWARD WONDERS,<br>t/a, WONDER GENERAL CONTRACTING<br>2765 Windsor Road<br>Windsor, PA 17366<br>　　　　Third-Party Defendant | CIVIL ACTION NO. CV01-0785<br><br>*J. Kane*<br><br>JURY TRIAL DEMANDED<br><br>FILED<br>HARRISBURG, PA<br>MAY 17 2002<br>MARY E. D'ANDREA, CLERK<br>Per _____<br>　　　Deputy Clerk |

## THIRD -PARTY COMPLAINT

Defendant and Third-Party Plaintiff, J&J Investment Management Company (hereinafter referred to as "J&J"), by and its attorney, Martin A. Durkin, Jr., Esquire, by way of Third-Party Complaint says:

### PARTIES

1. Plaintiff, Ohio Casualty Group, (hereinafter referred to as "OCG"), is a corporation duly organized and existing under the laws of the State of Ohio, with its principle place of business located at 9450 Seward Road, Fairfield, Ohio, who, at all times material hereto, was engaged in the business of insurance and was licensed to do business in the Commonwealth of Pennsylvania.

2. Defendant and Third-Party Plaintiff, J&J Investment Management Company, (hereinafter referred to as "J&J), is a corporation duly organized and existing under the laws of the Commonwealth of Pennsylvania, with its principal place of business located at 208 Knob Creek Lane, York, Pennsylvania 17360.

3. Third- Party Defendant, Al Budrow, (hereinafter referred to as "Budrow"), is an adult individual residing at 3975 Craig Avenue, Dover PA 17315.

4. Third-Party Defendant, Richard Edward Wonders, t/a Wonder General Contractors,, (hereinafter referred to as "Wonders"), is an individual and sole proprietorship residing and doing business at 2765 Windsor Road, Windsor, PA 17366.

5. On May 4, 2001, OCG, as subrogee of their insured, Eric Staub, filed a complaint against J&J in the U.S. District Court for the Middle District of Pennsylvania (Docket #1:CV01-0785).

## JURISDICTION AND VENUE

6. Jurisdiction is invoked under the provisions of 28 U.S.C. Section 1332 because the matter in controversy exceeds $75,000.00, exclusive of interest and costs and the controversy is between parties of different states and under the provisions of 28 U.S.C. Section 1367.

7. Venue is proper under the provisions of U.S.C. Section 1391 because the Middle District because this is the judicial district in which the claim arose.

## FACTS

8. Third-Party Plaintiff, J&J, hereby incorporates by reference thereto the allegations contained in paragraphs 1-7 as those were fully set forth at length herein

10. On or about May 26, 2000, J&J owned and managed at property located at 213 North Broad Street, York, Pennsylvania 17403, (hereinafter referred to as the "213 N. Broad").

11. On or about May 26, 2000, a fire, (hereinafter referred to as "the fire"), occurred at 213 N. Broad and caused extensive damage to the property rendering it uninhabitable and unable to be rented or sold.

12. The fire originated in 213 N. Broad as a result of an act of arson by unknown persons/vandals who broke into 213 N. Broad and intentionally started the fire in the living room area with a flammable liquid.

13. On or about May 26, 2000, the fire spread to 217 N. Broad Street, York, Pennsylvania 17403, (hereinafter referred to as 217 N. Broad), which was owned by and resided in by Eric Staub and caused damage to Eric Staub's real and personal property.

14. On or about May 26, 2000, OCG provided property insurance coverage to Eric Staub for, inter alia, his real and personal property.

15. Eric Staub subsequently made a claim under his property insurance and OCG made payments to Eric Staub in excess of $75,000.00.

16. Prior to May 26, 2000, J&J hired Wonders to change the locks on the front door and secure the rear door of the property located at 213 N. Broad.

17. Prior to May 26, 2000, J&J contracted Wonders, as an independent contractor, to clean trash from back yard and to do miscellaneous repairs at 213 N. Broad.

18. Prior to May 26, 2000, J&J and/or Wonders contracted Budrow, as an independent contractor, to clean back yard and mow grass and to clean up all debris from inside the house and preform renovations on the property at 213 N. Broad.

## COUNT ONE - NEGLIGENCE
## THIRD-PARTY PLAINTIFF, J&J V. THIRD-PARTY DEFENDANT, WONDERS

19. Third-Party Plaintiff, J&J, hereby incorporates by reference thereto the allegations contained in paragraphs 1-18 as those were fully set forth at length herein

20. The fire and resultant damages to 213 N. Broad were the proximately caused by the negligence, carelessness and/or recklessness of Third-Party Defendant, Wonders, his agents, servants and employees acting within the scope of thief employment, as follows:

    a. failure to exercise proper and adequate care in performing the services for which he was contracted;

    b. failure to exercise proper care and render good quality workmanship in securing all entrances and in removing all debris from 213 N. Broad;

    c. failure to comply with applicable standards, codes, instructions and/or regulations

    d. failure to secure the locks and doors properly;

    e. failure to use and install adequate and secure locking devices;

    f. failure to properly secure all entrances and/or doors;

    g. failure to properly supervise his employees and/or subcontractors;

21. As a direct and proximate result of the foregoing negligence, carelessness and/or recklessness of Third-Party Defendant, Wonders, his agents, servants, and employees acting within the scope of their employment, the fire resulting is damage to J&J's property.

WHEREFORE, Third-Party Plaintiff, J&J, demands judgment against Third-Party Defendant, Wonders, as follows:

    a. Third-Party Defendants are liable for all of the damages claimed by all Plaintiffs; or

b. Third-Party Defendants must indemnify and/or provide contribution to the Third-Party Plaintiff for any judgment entered against him in favor or the Plaintiffs in the underlying lawsuit

c. Third-Party Defendants are liable and must indemnify Third-Party Plaintiff for counsel fees, all costs of this suit and any other relief the Court deems just and equitable

## COUNT TWO - NEGLIGENCE
## THIRD-PARTY PLAINTIFF, J&J   V. THIRD-PARTY DEFENDANT, BUDROW

22. Third-Party Plaintiff, J&J, hereby incorporates by reference thereto the allegations contained in paragraphs 1-21 as those were fully set forth at length herein

23. The fire and resultant damages to 213 N. Broad were the proximately caused by the negligence, carelessness and/or recklessness of Third-Party Defendant, Budrow, his agents, servants and employees acting within the scope of thief employment, as follows:

    a. failure to exercise proper and adequate care in performing the services for which he was contracted;

    b. failure to exercise proper care and render good quality workmanship in securing all entrances and in removing all debris from 213 N. Broad;

    c. failure to comply with applicable standards, codes, instructions and/or regulations

    d. failure to secure the locks and doors properly;

    e. failure to use and install adequate and secure locking devices;

    f. failure to properly secure all entrances and/or doors;

    g. failure to properly supervise his employees and/or subcontractors;

24. As a direct and proximate result of the foregoing negligence, carelessness and/or recklessness of Third-Party Defendant, Budrow, his agents, servants, and employees acting within the scope of their employment, the fire resulting is damage to J&J's property.

WHEREFORE, Third-Party Plaintiff, J&J, demands judgment against Third-Party Defendant, Budrow, as follows:

a.  Third-Party Defendants are liable for all of the damages claimed by all Plaintiffs; or

b.  Third-Party Defendants must indemnify and/or provide contribution to the Third-Party Plaintiff for any judgment entered against him in favor or the Plaintiffs in the underlying lawsuit

c.  Third-Party Defendants are liable and must indemnify Third-Party Plaintiff for counsel fees, all costs of this suit and any other relief the Court deems just and equitable.

Respectfully submitted,

_____
Martin A. Durkin, Esquire
**DURKIN & ABEL, P.C.**
1617 JFK Boulevard, Suite 1520
Philadelphia, PA 19103
Attorney ID No.: 37279

## CERTIFICATE OF SERVICE

    MARTIN A. DURKIN, ESQUIRE, hereby certifies that a true and correct copy of the foregoing Third-Party Complaint has been forwarded to counsel listed below by United States First-Class mail, postage pre-paid, on May 15, 2002 as follows:

> James F. Malloy, Esquire
> **NELSON LEVINE De LUCA & HORST**
> Three Valley Square, Suite 280
> 512 Township Line Road
> Blue Bell, PA 19422
>
> Hayes A. Hunt, Esquire
> **COZEN O'CONNOR**
> The Atrium, 1900 Market Street
> Philadelphia, PA 19103

_____
MARTIN A. DURKIN