

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| OHIO CASUALTY GROUP, as<br>Subrogee of ERIC STAUB<br>9450 Seward Road<br>Fairfield, Ohio 45014<br>　　　　Plaintiff,<br><br>　　v.<br><br>J & J INVESTMENT MANAGEMENT<br>COMPANY<br>208 Knob Creek Lane<br>York, PA 17402<br>　　　　Defendant/Third-Party Plaintiff<br><br>　　v.<br><br>AL BUDROW<br>3975 Craig Avenue<br>Dover, PA 17315<br>　　　　Third-Party Defendant<br><br>　　and<br><br>RICHARD EDWARD WONDERS, t/a<br>WONDERS GENERAL CONTRACTOR<br>2765 Windsor Road<br>Windsor, PA 17366<br>　　　　Third-Party Defendant. | CIVIL ACTION NO:<br>1:CV01-0785<br><br>JURY TRIAL DEMANDED<br><br><br>FILED<br>HARRISBURG, PA<br><br>MAY 21 2002<br><br>MARY E. D'ANDREA, CLERK<br>Per _____<br>　　　　Deputy Clerk |

## PLAINTIFF'S 14(a) CLAIM AGAINST THIRD-PARTY DEFENDANTS AL BUDROW AND RICHARD EDWARD WONDERS t/a, WONDERS GENERAL CONTRACTOR

1. Plaintiff, Ohio Casualty Group ("OCG"), is a corporation duly organized and existing under the laws of the State of Ohio, with its principle place of business located at 9450 Seward Road, Fairfield, Ohio, who, at all times material hereto, was engaged in the business of insurance and was licensed to do business in the Commonwealth of Pennsylvania.

2. Third-Party Defendant, Al Budrow ("Budrow"), is an adult individual residing at 3975 Craig Avenue, Dover, Pennsylvania 17315.

3. Third-Party Defendant, Richard Edward Wonders, t/a Wonders General Contractor, ("Wonders"), is an individual in sole proprietorship residing and doing business at 2765 Windsor Road, Windsor, Pennsylvania 17366.

## JURISDICTION AND VENUE

4. Jurisdiction is invoked under the provisions of 28 U.S.C. §1332, as the matter in controversy exceeds $75,000.00, exclusive of interest and costs and the controversy is between parties of different states.

5. Venue is proper in the Middle District of Pennsylvania as this is the judicial district in which the claim arose.

## GENERAL ALLEGATIONS

6. On or about May 26, 2000, defendant/third-party plaintiff, J & J Investment Management Company ("J & J"), owned and managed a property located at 213 North Broad Street, York Pennsylvania. ("subject premises")

7. At all times material hereto, OCG's insured, Eric Staub, owned his home located at 217 North Broad Street, York, Pennsylvania 17403.

8. At all times material hereto, OCG provided property insurance coverage under Policy No. ("subject policy") DHW08827087 to Eric Staub for, inter alia, his real and personal property.

9. Prior to May 26, 2000, J & J hired Wonders to replace locks on the front door and secure the rear door of the property located at the subject premises.

10. Prior to May 26, 2000, J & J also hired Wonders to clean trash in the back yard and do miscellaneous repairs at the subject premises.

11. Prior to May 26, 2000, J & J and/or Wonders hired Budrow as an agent, servant, and/or employee, to remove trash and other debris from the exterior of the subject premises and perform other renovations on the subject premises.

12. On or about May 26, 2000, two juveniles accessed the rear of the unsecured subject premises and ignited debris/trash.

13. On or about May 26, 2000, a fire ("subject fire") occurred at the J & J property located at 213 North Broad Street, York, Pennsylvania, and spread to 217 North Broad Street causing severe and extensive damage and destruction to Eric Staub's real and personal property.

14. As a direct and proximate result of the subject fire, Eric Staub sustained severe and extensive damage to his real and personal property, the fair and reasonable repair and replacement costs of which is in excess of $75,000.00.

15. Eric Staub subsequently made claim under the subject policy for the aforesaid damages and, in compliance with all the terms and conditions of the subject policy, OCG made payments to Eric Staub under and pursuant to the terms of the subject policy and in an amount in excess of $75,000.00.

16. Under and pursuant to the terms of the subject policy and in accordance with the common law principles of equitable subrogation, and to the extent of payments, OCG has made to Eric Staub as alleged above, OCG is duly subrogated to the respective rights, claims and causes of action of Eric Staub against third-party defendants, Wonders and Budrow as alleged herein.

## COUNT ONE

## NEGLIGENCE – THIRD-PARTY DEFENDANT RICHARD WONDERS t/a, WONDERS GENERAL CONTRACTOR

17. OCG hereby incorporates by reference the averments contained in Paragraphs 1 through 16 above, as though each were fully set forth at length herein.

18. The aforesaid fire and resultant damages sustained by Eric Staub were proximately caused by the negligence, carelessness and/or recklessness of third-party defendant, Wonders, his agents, servants and employees acting within the scope of their employment, as follows:

    a. Failing to exercise proper and adequate care and perform the services for which he was hired by J & J;

    b. Failing to exercise proper care and render good quality workmanship in securing all entrances and removing all debris at the subject premises;

    c. Failing to exercise proper care and render good quality workmanship in securing all entrances and removing debris at the premises;

    d. Failing to ensure that applicable rules, regulations, ordinances, codes and/or statutes for work of this type were observed;

    e. Failing to safely and properly secure the subject premises;

    f. Failing to direct and supervise its employees and/or subcontractors;

    g. Failing to take all reasonable and necessary actions and precautions to minimize the potential risk of fire to the subject premises; and

    h. Otherwise failing to exercise due care under the circumstances and which may be revealed during the course of discovery in this matter.

19. As a direct and proximate result of the foregoing negligence, carelessness and/or recklessness of third-party defendant, Wonders, its agents, servants and employees acting within the scope of their employment, the fire referred to in paragraphs 13 and 14 above occurred, resulting in severe and extensive damage and destruction to Eric Staub's property, the fair and reasonable repair and replacement value of which is in excess $75,000.00.

WHEREFORE, plaintiff, Ohio Casualty Group, as subrogee of Eric Staub, demands that judgment be entered in its favor and against third-party defendant, Richard Edward Wonders, t/a Wonders General Contractor, for an amount in excess of $75,000.00, together with pre-judgment interest, damages for delay, the cost of this action, and such other and further relief as is deemed just and proper under the law.

## COUNT II

### NEGLIGENCE - THIRD-PARTY DEFENDANT, BUDROW

20. OCG hereby incorporates by reference the averments contained in Paragraphs 1 through 19 above, as though each were fully set forth at length herein.

21. The aforesaid fire and resultant damages sustained by Eric Staub were proximately caused by the negligence, carelessness and/or recklessness of third-party defendant, Budrow, its agents, servants and employees acting within the scope of their employment, as follows:

    a. Failing to exercise proper and adequate care and perform the services for which he was hired by J & J and/or Wonders;

    b. Failing to exercise proper care and render good quality workmanship in securing all entrances and removing all debris at the subject premises;

    c. Failing to ensure that applicable rules, regulations, ordinances, codes and/or statutes for work of this type were observed;

  d. Failing to safely and properly secure the subject premises;

  e. Failing to direct and supervise its employees and/or subcontractors;

  f. Failing to take all reasonable and necessary actions and precautions to minimize the potential risk of fire to the subject premises; and

  g. Otherwise failing to exercise due care under the circumstances and which may be revealed during the course of discovery in this matter.

22. As a direct and proximate result of the foregoing negligence, carelessness and/or recklessness of third-party defendant, Budrow, its agents, servants and employees acting within the scope of their employment, the fire referred to in paragraphs 13 and 14 above occurred, resulting in severe and extensive damage and destruction to Eric Staub's property, the fair and reasonable repair and replacement value of which is in excess $75,000.00.

WHEREFORE, plaintiff, Ohio Casualty Group, as subrogee of Eric Staub, demands that judgment be entered in its favor and against third-party defendant, Al Budrow, for an amount in excess of $75,000.00, together with pre-judgment interest, damages for delay, the cost of this action, and such other and further relief as is deemed just and proper under the law.

          _____
          HAYES A. HUNT, ESQUIRE
          Cozen O'Connor
          The Atrium
          1900 Market Street
          Philadelphia, PA 19103

          Attorney for Plaintiff

DATED: 20 May 2002

PHILA1\1634720\1 104265.000

## CERTIFICATE OF SERVICE

I, **HAYES A. HUNT, ESQUIRE,** certify that I served a true and correct copy of the foregoing Plaintiff's 14(a) Claim Against Third-Party Defendants Al Budrow and Richard Edward Wonders t/a, Wonders General Contractor, by placing the same in the U.S. mail, postage pre-paid, on the 20th day of May 2002 as follows:

> Thomas R. Nell, Esquire
> 340 Nell Road
> East Berlin, PA 17316
>
> Michael Scheib, Esquire
> Griffith, Strickler, Lerman, Solymos & Calkins
> 110 S. Northern Way
> York, Pennsylvania 17402
>
> Martin A. Durkin
> 1617 John F. Kennedy Blvd.
> Philadelphia, PA 19103

> COZEN O'CONNOR
>
> BY: _____
> HAYES A. HUNT, ESQUIRE
> 1900 Market Street
> Philadelphia, PA 19103
> (215) 665-4734
> Attorney for Plaintiff