**ORIGINAL**

㉛
8-2-0
∞

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| OHIO CASUALTY GROUP, as Subrogee of Eric Staub | : | No. 1:CV-01-785 |
| Plaintiff | : | Ji((ape |
| vs. Defendant and Third Party Plaintiff | : | CIVIL ACTION - LAW |
| | : | |
| J&J INVESTMENT MANAGEMENT COMPANY, AL BUDROW | : | |
| | : | FILED |
| vs. Third Party Defendant | : | HARRISBURG, PA |
| RICHARD EDWARD WONDERS, | : | |
| t/a WONDER GENERAL CONTRACTING | : | AUG 0 1 2002 |

MARY E. D'ANDREA, CLERK
Per _____
Deputy Clerk

## PROPOSED JURY INSTRUCTIONS
## OF THIRD PARTY DEFENDANT RICHARD EDWARD WONDERS

1. Under the law and the evidence your verdict must be in favor of Third Party

Defendant Richard Edward Wonders and against Plaintiff.

2.  Damages cannot be speculative:  Plaintiff must establish with reasonable certainty what damages, if any, she is entitled.

Gordon v. Trovato, 234 Pa.Super. 279, 338 A.2d 653 (1975).

### 3. NUMBER OF WITNESSES

The number of witnesses offered by one side or the other does not, in itself, determine the weight of the evidence. It is a factor, but only one of many factors which you should consider. Whether the witnesses appear to be biased or unbiased: whether they are interested or disinterested persons, are among the important factors which go to the reliability of their testimony. The important thing is the quality of the testimony of each witness. In short, the test is not which side brings the greater number of witnesses or presents the greater quantity of evidence; but which witness or witnesses, and which evidence, you consider most worthy of belief. Even the testimony of one witness may out weigh that of many, if you have reason to believe his testimony in preference to theirs. Obviously, however, where the testimony of the witnesses appear to you to be of the same quality, the weight of numbers assumes particular significance.

Pa.SSJI (Civ) 5.03

## 4. CONFLICTING TESTIMONY

You may find inconsistencies in the evidence. Even actual contradictions in the testimony of witnesses do not necessarily mean that any witness has been wilfully false. Poor memory is not uncommon. Sometimes a witness forgets; sometimes he remembers incorrectly. It is also true that two persons witnessing an incident may see or hear it differently.

If different parts of the testimony of any witness or witnesses appear to be inconsistent, you the jury should try to reconcile the conflicting statements, whether of the same or of different witnesses, and you should do so if it can be done fairly and satisfactorily.

If, however, you decide that there is a genuine and irreconcilable conflict of testimony, it is your function and duty to determine which, if any, of the contradictory statements you will believe.

Pa.SSJI (Civ) 5.04

## 5.  WILFULLY FALSE TESTIMONY

If you decide that a witness has deliberately falsified his testimony on a significant point, you should take this into consideration in deciding whether or not to believe the rest of his testimony; and you may refuse to believe the rest of his testimony, but you are not required to do so.

Pa.SSJI (Civ) 5.05

## 6. EXPERT TESTIMONY - CREDIBILITY GENERALLY

You will recall that (state name of witness) gave testimony of his qualifications as an expert in the field of _____. (Similarly, _____ testified as to his qualifications as an expert in this same field).

A witness who has special knowledge, skill, experience, training or education in a particular science, profession or occupation may give his opinion as an expert as to any matter in which he is skilled. In determining the weight to be given to his opinion, you should consider the qualifications and reliability of the expert and the reasons given for his opinion. You are not bound by an expert's opinion merely because he is an expert; you may accept or reject it, as in the case of other witnesses. Give it the weight, if any, to which you deem it entitled.

Pa.SSJI (Civ) 5.30

## 7. EXPERT OPINION - BASIS FOR OPINION GENERALLY

In general, the opinion of an expert has value only when you accept the facts upon which it is based.  This is true whether the facts are assumed hypothetically by the expert, or they come from his personal knowledge, from some other proper source, or from some combination of these.

Pa.SSJI (Civ) 5.31

## 8. HYPOTHETICAL QUESTIONS

Questions have been asked in which an expert witness was invited to assume that certain facts were true and to give an opinion based upon that assumption. These are called hypothetical questions. If you find that any material fact assumed in a particular hypothetical question has not been established by the evidence, you should disregard the opinion of the expert given in response to that question. (By material fact, we mean one that was important to the expert in forming (his)(her) opinion).

Similarly, if the expert has made it clear that (his)(her) opinion is based on the assumption that a particular fact did not exist and, from the evidence you find that it did exist and that it was material, you should give no weight to the opinion so expressed.

Pa.SSJI (Civ) 5.32

9.    EMPLOYER – INDEPENDENT CONTRACTOR
      (RELATIONSHIP IN DISPUTE AND EVIDENCE CONFLICTING)

An employer of an independent contractor is not usually responsible for any negligent conduct of the contractor or its employees.  It is your function to determine whether that was the relationship which existed in this case.

If you find that the contractor had the exclusive control over his workmen and the manner of performing the work, and was not subject to the right of control by the defendant, you should conclude that an independent contractor relationship existed and defendant would not be liable for any negligent conduct of the contractor or its employees.

But if you find that defendant retained the right of control over the contractor, regardless of whether such right was exercised, then you would conclude that an employer-employee relationship existed and the defendant should be liable for any negligent conduct of the contractor or its employees.

Pa.SSJI (Civ) 4.06

10.   PROPERTY DAMAGE

The plaintiff is entitled to be compensated for the harm done to his (her) property.  If you find that the property was a total loss, damages are to be measured by either its market value or its special value to plaintiff, whichever is greater.  If the property was not a total loss, damages are measured by (the difference in value before and after the harm) (the reasonable cost of repairs) and you may consider such evidence produced by defendant by way of defense to plaintiff's claim.  IN addition, plaintiff is entitled to be reimbursed for incidental costs or losses reasonably incurred because of the damage to the property, such as (rental of a replacement vehicle during repairs), (towing charges), (loss of use of the property), (etc.).

Pa.SSJI (Civ) 6.01J

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| OHIO CASUALTY GROUP, as Subrogee of Eric Staub | : | No.  1:CV-01-785 |
| Plaintiff | : | |
| vs. Defendant and Third Party Plaintiff | : | CIVIL ACTION - LAW |
| | : | |
| J&J INVESTMENT MANAGEMENT COMPANY,  AL BUDROW | : | |
| | : | |
| vs. Third Party Defendant RICHARD EDWARD WONDERS, t/a WONDER GENERAL CONTRACTING | : | |

**CERTIFICATE OF SERVICE**

AND NOW, this 31st day of July, 2002, I, Michael B. Scheib, Esquire, a

member of the firm of GRIFFITH, STRICKLER, LERMAN, SOLYMOS & CALKINS,

hereby certify that I have this date served a copy of the Proposed Jury Instructions

of Third Party Defendant Richard Edward Wonders, by United States Mail,

addressed to the party or attorney of record as follows:

Martin A. Durkin, Jr., Esquire
Durkin & Abel
One Penn Center, Suite 1520
1617 John F. Kennedy Boulevard
Philadelphia, PA 19103

Ohio Casualty Group
c/o Hayes A. Hunt, Esq.
1900 Market Street
Philadelphia, PA  19103

GRIFFITH, STRICKLER, LERMAN,
SOLYMOS & CALKINS

BY _____

Michael B. Scheib, Esquire
Supreme Court ID No. 63868
Attorney for Third Party Defendant,
Richard Edward Wonders
110 South Northern Way
York, PA 17402
(717) 757-7602

11

Al Budrow
3979 Craig Avenue
Dover, PA  17315

GRIFFITH, STRICKLER, LERMAN,
SOLYMOS & CALKINS

BY: _____
Michael B. Scheib, ESQUIRE
Attorney I.D. No. 63868
110 South Northern Way
York, Pennsylvania  17402
(717) 757-7602
Attorneys for Defendant Wonders