ORIGINAL

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| OHIO CASUALTY GROUP, as Subrogee of Eric Staub<br><br>　　　　　　　Plaintiff<br>vs. Defendant and Third Party Plaintiff<br><br>J&J INVESTMENT MANAGEMENT COMPANY, AL BUDROW<br><br>vs. Third Party Defendant<br>RICHARD EDWARD WONDERS,<br>t/a WONDER GENERAL CONTRACTING | No. 1:CV-01-785<br><br>J. Kane<br><br>CIVIL ACTION - LAW |

FILED
HARRISBURG, PA
AUG 09 2002
MARY E. D'ANDREA, CLERK
Per _____ Deputy Clerk

### THIRD-PARTY DEFENDANT RICHARD WONDERS t/a WONDERS GENERAL CONTRACTOR ANSWER TO THIRD-PARTY COMPLAINT

COME NOW, Defendant, Richard Edward Wonders, t/a Wonder General Contracting by and through his attorneys Griffith, Strickler, Lerman, Solymos & Calkins and Michael B. Scheib, Esq. respond to the Third Party Complaint as follows:

### PARTIES

1.　Denied. After reasonable investigation, answering Defendant is without knowledge or information sufficient to form a belief as to the truth or veracity of the allegations contained in paragraph 1 of the Complaint and same are denied and strict proof thereof is demanded.

2.　Denied. After reasonable investigation, answering Defendant is without knowledge or information sufficient to form a belief as to the truth or

veracity of the allegations contained in paragraph 2 of the Complaint and same are denied and strict proof thereof is demanded.

3. Denied. After reasonable investigation, answering Defendant is without knowledge or information sufficient to form a belief as to the truth or veracity of the allegations contained in paragraph 3 of the Complaint and same are denied and strict proof thereof is demanded.

4. Admitted.

5. Admitted. Third-Party Defendant, however, does not admit the allegations contained in that Complaint.

## JURISDICTION AND VENUE

6. This paragraph states a legal conclusion to which no response is required.

7. This paragraph states a legal conclusion to which no response is required.

## FACTS

8. The Answer to the Third-Party Complaint are incorporated herein as though fully set forth at length.

10(sic)   Admitted.

11. Admitted.

12. Admitted.

13. Admitted.

14. Admitted.

15. Admitted in part and Denied in part. It is admitted that Mr. Staub made a claim. It is also admitted that OCG made payments. The amount of those payments is in dispute. In addition, it is unclear whether OCG overpaid for the claim. After reasonable investigation, answering Defendant is without knowledge or information sufficient to form a belief as to the truth or veracity of the allegations contained in paragraph 15 of the Complaint and same are denied and strict proof thereof is demanded.

16. Admitted.

17. Denied. J&J never contracted, hired or employed Wonders to clean trash from the backyard or do miscellaneous repairs at 213 N. Broad Street.

18. Admitted in part and Denied in part. It is admitted that J&J contracted Budrow as an independent contractor to clean the backyard, mow grass, and to clean up all the debris from inside the house at 213 N. Broad Street. It is denied that Wonders was involved in this work in any capacity. After reasonable investigation, answering Defendant is without knowledge or information sufficient to form a belief as to the truth or veracity of the allegations contained in paragraph 18 of the Complaint and same are denied and strict proof thereof is demanded.

### COUNT ONE – NEGLIGENCE
### THIRD-PARTY PLAINTIFF, J&J V. THIRD-PARTY DEFENDANT WONDERS

19. Paragraphs 1 through 18 of the Third-Party Complaint are incorporated herein as though fully set forth at length.

20. Denied. This paragraph states a legal conclusion to which no response is required. It is specifically denied that the negligence, carelessness and/or recklessness of Third-Party Defendant Wonders consisted of:

    a. failure to exercise proper and adequate care in performing the services for which he was contracted;

    b. failure to exercise proper care and render good quality workmanship in securing all entrances and in removing all debris from 213 N. Broad Street;

    c. failure to comply with applicable standards, codes, instructions and/or regulations;

    d. failure to secure the locks and doors properly;

    e. failure to sue and install adequate and secure locking devices;

    f. failure to properly secure all entrances and/or doors; and

    g. failure to properly supervise his employees and/or subcontractors.

On the contrary, at all times relevant, Third-Party Defendant acted in a lawful, careful, safe and prudent manner and with due care as required by the circumstances.

21. Denied. This paragraph states a legal conclusion to which no response is required. To the extent that a response is required, the allegations are denied. After reasonable investigation, answering Defendant is without knowledge or

information sufficient to form a belief as to the truth or veracity of the allegations contained in paragraph 21 of the Complaint and same are denied and strict proof thereof is demanded.

WHEREFORE, Third-Party Defendant Wonders respectfully requests this Honorable Court to enter judgment in his favor, together with the costs of this lawsuit.

## COUNT TWO – NEGLIGENCE
### THIRD-PARTY PLAINTIFF, J&J V. THIRD-PARTY DEFENDANT BUDROW

22. - 24.   This count is directed at a different Defendant. Third-Party Defendant Wonders need not respond to it.

### AFFIRMATIVE DEFENSE – ONE

25.   The Third-Party Complaint fails to state to a cause of action upon which relief can be granted.

### AFFIRMATIVE DEFENSE – TWO

26.   The Third-Party Complaint fails to establish a basis of for a liability of Third-Party Defendant Wonders.

### AFFIRMATIVE DEFENSE - THREE

27.   John Giambalvo is one of the principals of J&J Investment. Following the fire, he told the investigating police officer that he had hired Al Budrow to clean up the property.

### AFFIRMATIVE DEFENSE – FOUR

28.   Defendant Al Budrow has admitted that he was hired by John Giambalvo to clean up the property.

### AFFIRMATIVE DEFENSE – FIVE

29.   John Giambalvo told Mr. Wonders that he should not be a party to any lawsuit.

### CROSS CLAIM AGAINST DEFENDANT J&J INVESTMENTS AND THIRD-PARTY DEFENDANT BUDROW

30.   In the event of a finding of liability against Third-Party Defendant Wonders, which liability is specifically denied, Third-Party Defendant Wonders, hereby, asserts any and all claims which he may have against Defendant J&J Investment and Third-Party Defendant Budrow for contribution and/or indemnification.

31.   In the event of a finding of liability against Third-Party Defendant Wonders, which liability is specifically denied, Third-Party Defendant Wonders hereby asserts any and all claims which he may have against Defendant J&J Investment and Third-Party Defendant Budrow because they are solely liable to the Plaintiff, liable over to and/or jointly and severally liable to the Plaintiff.

            GRIFFITH, STRICKLER, LERMAN,
            SOLYMOS & CALKINS

BY: _____
      MICHAEL B. SCHEIB, ESQUIRE
      Attorney I.D. No. 63868
      110 South Northern Way
      York, Pennsylvania 17402
      (717) 757-7602
      Attorneys for Third-Party
      Defendant Wonders

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| OHIO CASUALTY GROUP, as Subrogee of Eric Staub<br>　　　　　　　Plaintiff<br>vs. Defendant and Third Party Plaintiff<br><br>J&J INVESTMENT MANAGEMENT COMPANY, AL BUDROW<br><br>vs. Third Party Defendant<br>RICHARD EDWARD WONDERS,<br>t/a WONDER GENERAL CONTRACTING | No. 1:CV-01-785<br><br>CIVIL ACTION - LAW |

## CERTIFICATE OF SERVICE

AND NOW, this 8th day of August, 2002, I, Michael B. Scheib, Esquire, a member of the firm of GRIFFITH, STRICKLER, LERMAN, SOLYMOS & CALKINS, hereby certify that I have this date served a copy of the Answer of Third-Party Defendant Richard Wonders t/a Wonders General Contracting Answer To Plaintiff's 14(a) Claim, by United States Mail, addressed to the party or attorney of record as follows:

Martin A. Durkin, Jr., Esquire
Durkin & Abel
One Penn Center, Suite 1520
1617 John F. Kennedy Boulevard
Philadelphia, PA 19103

Ohio Casualty Group
c/o Hayes A. Hunt, Esq.
1900 Market Street
Philadelphia, PA 19103

Al Budrow
3979 Craig Avenue
Dover, PA  17315

                          GRIFFITH, STRICKLER, LERMAN,
                             SOLYMOS & CALKINS

BY: _____
     MICHAEL B. SCHEIB, ESQUIRE
     Attorney I.D. No. 63868
     110 South Northern Way
     York, Pennsylvania  17402
     (717) 757-7602
     Attorneys for Defendant Wonders