


UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| OHIO CASUALTY GROUP, as Subrogee of Eric Staub | : | No. 1:CV-01-785 |
| Plaintiff vs. Defendant and Third Party Plaintiff | : | CIVIL ACTION - LAW |
| J&J INVESTMENT MANAGEMENT COMPANY, AL BUDROW | : | *J. Kane* |
| vs. Third Party Defendant RICHARD EDWARD WONDERS, t/a WONDER GENERAL CONTRACTING | : | FILED HARRISBURG, PA AUG 1 3 2002 MARY E. D'ANDREA, CLE Per _____ Deputy Clerk |

### ANSWER OF THIRD-PARTY DEFENDANT RICHARD WONDERS t/a WONDERS GENERAL CONTRACTOR TO PLAINTIFF'S 14(a) CLAIM

COME NOW, Third-Party Defendant, Richard Edward Wonders, t/a Wonder General Contracting by and through his attorneys Griffith, Strickler, Lerman, Solymos & Calkins and Michael B. Scheib, Esq. in response to the allegations in Plaintiff's 14(a) Claim as follows:

1. Denied. After reasonable investigation, answering Defendant is without knowledge or information sufficient to form a belief as to the truth or veracity of the allegations contained in paragraph 1 of the Complaint and same are denied and strict proof thereof is demanded.

2. Denied. After reasonable investigation, answering Defendant is without knowledge or information sufficient to form a belief as to the truth or veracity of the allegations contained in paragraph 2 of the Complaint and same are

denied and strict proof thereof is demanded.

3. Admitted.

## JURISDICTION AND VENUE

4. This paragraph states a legal conclusion to which no response is required.

5. This paragraph states a legal conclusion to which no response is required.

## GENERAL ALLEGATIONS

6. Admitted.

7. Admitted.

8. Denied. After reasonable investigation, answering Defendant is without knowledge or information sufficient to form a belief as to the truth or veracity of the allegations contained in paragraph 8 of the Complaint and same are denied and strict proof thereof is demanded.

9. Admitted. This was performed in January 2000.

10. Denied. After reasonable investigation, answering Defendant is without knowledge or information sufficient to form a belief as to the truth or veracity of the allegations contained in paragraph 10 of the Complaint and same are denied and strict proof thereof is demanded.

11. Admitted in part and Denied in part. It is admitted that J&J hired Budrow to remove trash and other debris from the exterior of the premises. The

remaining allegations are denied. After reasonable investigation, answering Defendant is without knowledge or information sufficient to form a belief as to the truth or veracity of the allegations contained in paragraph 11 of the Complaint and same are denied and strict proof thereof is demanded.

12. Admitted.

13. Admitted in part and Denied in part. It is admitted that Mr. Staub's property was damaged. The remaining allegations are denied. After reasonable investigation, answering Defendant is without knowledge or information sufficient to form a belief as to the truth or veracity of the allegations contained in paragraph 13 of the Complaint and same are denied and strict proof thereof is demanded.

14. Admitted in part and Denied in part. It is admitted that Mr. Staub made a claim under his policy with OCG. It is further admitted that OCG made payments to Mr. Staub. The remaining allegations are denied. After reasonable investigation, answering Defendant is without knowledge or information sufficient to form a belief as to the truth or veracity of the allegations contained in paragraph 14 of the Complaint and same are denied and strict proof thereof is demanded.

15. This paragraph states a legal conclusion to which no response is required.

16. This paragraph states a legal conclusion to which no response is required.

## COUNT ONE

## OCG vs. THIRD-PARTY DEFENDANT RICHARD

## WONDERS t/a WONDERS GENERAL CONTRACTOR

17. Paragraphs 1 through 16 of Third-Party Defendant's Answer With New Matter are incorporated herein as though fully set forth at length.

18. Denied. This paragraph states a legal conclusion to which no response is required. Furthermore, it is specifically denied that Third-Party Defendant Wonders was negligent, careless and/or reckless by:

    a. Failing to exercise proper and adequate care and perform the services for which he was hired by J&J;

    b. Failing to exercise proper care and render good quality workmanship in securing all entrances and removing all debris at the subject premises;

    c. Failing to exercise proper care and render good quality workmanship in securing all entrances and debris at the premises;

    d. Failing to ensure that applicable rules, regulations, ordinances, codes and/or statutes for work of this type were observed;

    e. Failing to safely and properly secure the subject premises;

    f. Failing to direct and supervise its employees and/or

        subcontractors;

g.     Failing to take all reasonable and necessary actions and precautions to minimize the potential risk of fire to the subject premises; and

h.     Otherwise failing to exercise due care under the circumstances and which may be revealed during the course of discovery in this matter.

On the contrary, at all times relevant, Third-Party Defendant Wonders acted in a lawful, careful, safe and prudent manner and with due care as required by the circumstances.

19.    Denied. This paragraph states a legal conclusion to which no response is required. After reasonable investigation, answering Defendant is without knowledge or information sufficient to form a belief as to the truth or veracity of the allegations contained in paragraph 3 of the Complaint and same are denied and strict proof thereof is demanded.

WHEREFORE, Third-Party Defendant Wonders respectfully requests this Honorable Court to enter judgment in his favor, together with the costs of this lawsuit.

## COUNT II

### OCG vs. THIRD-PARTY DEFENDANT BUDROW

20.-22.    Third-Party Defendant Wonders need not respond to this count.

It is directed at a different Defendant.

### AFFIRMATIVE DEFENSE – ONE

23. The Third-Party Complaint fails to state to a cause of action upon which relief can be granted.

### AFFIRMATIVE DEFENSE – TWO

24. The Third-Party Complaint fails to establish a basis of for a liability of Third-Party Defendant Wonders.

### AFFIRMATIVE DEFENSE - THREE

25. John Giambalvo is one of the principals of J&J Investment. Following the fire, he told the investigating police officer that he had hired Al Budrow to clean up the property.

### AFFIRMATIVE DEFENSE – FOUR

26. Defendant Al Budrow has admitted that he was hired by John Giambalvo to clean up the property.

### AFFIRMATIVE DEFENSE – FIVE

27. John Giambalvo told Mr. Wonders that he should not be a party to any lawsuit.

### CROSS CLAIM AGAINST DEFENDANT J&J INVESTMENTS AND THIRD-PARTY DEFENDANT BUDROW

28. In the event of a finding of liability against Third-Party Defendant Wonders, which liability is specifically denied, Third-Party Defendant Wonders, hereby, asserts any and all claims which he may have against Defendant J&J

Investment and Third-Party Defendant Budrow for contribution and/or indemnification.

29.  In the event of a finding of liability against Third-Party Defendant Wonders, which liability is specifically denied, Third-Party Defendant Wonders hereby asserts any and all claims which he may have against Defendant J&J Investment and Third-Party Defendant Budrow because they are solely liable to the Plaintiff, liable over to and/or jointly and severally liable to the Plaintiff.

WHEREFORE Third Party Defendant Wonders respectfully requests this Honorable Court to enter judgment in his favor together with the costs of this lawsuit.

GRIFFITH, STRICKLER, LERMAN,
SOLYMOS & CALKINS

BY: _____
MICHAEL B. SCHEIB, ESQUIRE
Attorney I.D. No. 63868
110 South Northern Way
York, Pennsylvania 17402
(717) 757-7602
Attorneys for Third-Party
Defendant Wonders

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| OHIO CASUALTY GROUP, as Subrogee of Eric Staub | : | No. 1:CV-01-785 |
| Plaintiff | : | |
| vs. Defendant and Third Party Plaintiff | : | CIVIL ACTION - LAW |
| J&J INVESTMENT MANAGEMENT COMPANY, AL BUDROW | : | |
| vs. Third Party Defendant RICHARD EDWARD WONDERS, t/a WONDER GENERAL CONTRACTING | : | |

## CERTIFICATE OF SERVICE

AND NOW, this 9th day of August, 2002, I, Michael B. Scheib, Esquire, a member of the firm of GRIFFITH, STRICKLER, LERMAN, SOLYMOS & CALKINS, hereby certify that I have this date served a copy of the Answer of Third-Party Defendant Richard Wonders t/a Wonders General Contracting Answer To Plaintiff's 14(a) Claim, by United States Mail, addressed to the party or attorney of record as follows:

Martin A. Durkin, Jr., Esquire
Durkin & Abel
One Penn Center, Suite 1520
1617 John F. Kennedy Boulevard
Philadelphia, PA 19103

Ohio Casualty Group
c/o Hayes A. Hunt, Esq.
1900 Market Street
Philadelphia, PA 19103

Al Budrow
3979 Craig Avenue
Dover, PA  17315

                                  GRIFFITH, STRICKLER, LERMAN,
                                    SOLYMOS & CALKINS

BY: _____
       MICHAEL B. SCHEIB, ESQUIRE
       Attorney I.D. No. 63868
       110 South Northern Way
       York, Pennsylvania  17402
       (717) 757-7602
       Attorneys for Defendant Wonders