UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| OHIO CASUALTY GROUP, as<br>Subrogee of ERIC STAUB<br>9450 Seward Road<br>Fairfield, Ohio  45014<br>            Plaintiff,<br><br>            v.<br><br>J & J INVESTMENT MANAGEMENT<br>COMPANY<br>208 Knob Creek Lane<br>York, PA  17402<br>            Defendant/Third-Party Plaintiff<br><br>            v.<br><br>AL BUDROW<br>3975 Craig Avenue<br>Dover, PA  17315<br>            Third-Party Defendant<br><br>            and<br><br>RICHARD EDWARD WONDERS, t/a<br>WONDERS GENERAL CONTRACTOR<br>2765 Windsor Road<br>Windsor, PA  17366<br>            Third-Party Defendant. | CIVIL ACTION NO:<br>1:CV01-0785<br><br>JURY TRIAL DEMANDED |



FILED
HARRISBURG, PA

AUG 2 1 2002

MARY E. D'ANDREA, CLERK
Per _____
                Deputy Clerk

PRETRIAL MEMORANDUM OF PLAINTIFF OHIO CASUALTY GROUP

Counsel met to discuss subjects referred to in Federal Rule of Civil Procedure 16 to discuss settlement of the action on July 10, 2002 before the Honorable J. Andrew Smyser.

A.  **Federal Court Jurisdiction**

Pursuant to 28 U.S.C. §1332 (a), United States District Court for the Middle District of Pennsylvania has jurisdiction over this matter, as the parties are citizens of diverse jurisdictions and the amount in controversy, exclusive of interest and costs, is in excess of Seventy-Five Thousand Dollars.

B. **Summary Statement of Facts and Contentions as to Liability**

Subrogation action arises out of a May 26, 2000 fire which originated at 213 North Broad Street, York, Pennsylvania ("subject premises") and spread causing severe and extensive damage to a number of neighboring properties, including 217 North Broad Street, the home of plaintiff's insured.

1. *Summary Statements of Facts*

At all times material to this action, Plaintiff Ohio Casualty Group ("OCG") insured its subrogee, Mr. Eric Staub and his property located at 217 North Broad Street, York, Pennsylvania.

Prior to the May 26, 2000 fire, defendant J&J Investment Management Company ("J&J") received a notice violation from the York Bureau of Permits and Health Licensing informing J&J that it was required to remove trash and litter from outer areas of the property[1] and an abandoned car from the rear of the property[2] or be subject to $1,000.00 per-day fine. J&J's property was vacant for a number of months prior to the fire and neighbors had complained about the amount of trash and rats in and around the subject premises. Upon receipt of the notice, J&J retained Richard Edward Wonders, d/b/a Wonders General Contractor ("Wonders") to conduct a multi-phased renovation/rehabilitation of the property. J&J informed Wonders of the immediate need to remove the accumulated debris and trash from the outside of the property and Wonders

---

[1] Property Maintenance Code of the City of York:

> § 305.1 All exterior property and premises, and the interior of every structure, shall be free from any accumulation of rubbish or garbage.

[2] Property Maintenance Code of the City of York:

> § 302.8 . . not more than one currently unregistered or uninspected motor vehicle shall be parked or stored on any premises, and no vehicle shall at any time be in the state of major disassembly, disrepair, or in the process of being stripped or dismantled.

employed defendant Al Budrow ("Budrow") to perform the clean-up work. Mr. Budrow removed the accumulated debris and placed the same inside the property. Within a week, Robert Lee Johnson, a six-year-old child, and Josh Ortiz, an eleven-year-old child, entered the subject premises through the back door. The boys were playing with matches and ignited the accumulated trash on the first floor of the property. Because of the amount of accumulated debris/combustibles, the fire quickly spread to a number of neighboring properties. Following the fire, John Giambalvo, co-owner of J&J, asked Wonders to create billing invoices for work that may or may not have been performed at the subject premises prior to the fire. Wonders agreed and created work invoices for the subject premises which pre-dated the fire.

As a result of the May 26, 2000 fire, plaintiff paid its insured, Eric Staub, $133,660.12 for the damage to his real and personal property.

    2. *Summary of Liability*

Defendants J&J, Wonders and Budrow are each liable under the theory of negligence.

**C.**     **Statement of Undisputed Facts**

This action arises out of a May 26, 2000 fire at 213 North Broad Street, York, Pennsylvania and which spread to a neighboring property of plaintiff's insured. The following facts are uncontested:

1. At all times material to this action, Plaintiff OCG insured its subrogee, Eric Staub.

2. Eric Staub owned the real property located at 217 North Broad Street, York, Pennsylvania and the personal property therein.

3. J&J owned the real property located 213 North Broad Street, York, Pennsylvania.

4. Defendants Wonders and Budrow were at the subject premises prior to the fire.

5. On May 26, 2000 a six-year-old and an eleven-year-old child entered the subject premises and ignited the accumulated trash and debris on the first floor.

6. The fire caused severe and extensive damage to the subject premises and the neighboring properties, including 217 North Broad Street, York, Pennsylvania.

7. OCG provided property insurance coverage to Eric Staub for his real and personal property and under and pursuant to the term of the insurance policy, OCG made payments to Eric Staub in the total amount of $133,660.12.

**D.  Description of Damages**

(1) *Principal Injuries Sustained*: Plaintiff's subrogee sustained $133,660.12 in property damage as a result of subject fire. This amount includes damage to Eric Staub's real and personal property, as well as extra expenses. Plaintiff seeks to recover the $133,660.12 that it paid to its subrogee for these damages pursuant to its contract of insurance.

(2) *Hospitalization and Condolesence*: None.

(3) *Present Disability*: None.

(4) *Special Monetary Damages, Lost of Past Earnings, Medical Expenses, Property Damages, etc.*: Property damage as described in paragraph (1) above.

(5) *Estimated Value of Pain and Suffering, etc.*: None.

(6) *Special Damage Claims*: None.

**E.  Witnesses**

Plaintiff reserves the right to call the following witnesses to testify at trial together with all witnesses identified by the defendants in their pretrial memorandum, and any witnesses whose identity is discovered hereinafter.

1. **Eric and Vinette Staub**
   3285 Farmtrail Road
   York, PA 17402

2. **Lee McAdams**
   McAdams Fire & Explosion Investigations, L.L.C.
   P.O. Box 580
   Camp Hill. PA 17001

4

3. **John Lyter**
   Adjuster
   Ohio Casualty Insurance Company
   1211 Georgetown Circle
   Carlisle, PA 17003

4. **Paul Zedonis**
   Alan, Clarke & Associates
   P.O. Box 6090
   Harrisburg, PA 17112

5. **Russell Dorm**
   Inspections Officer
   York Bureau of Permits & Health Licensing
   1 Marketway West
   3rd Floor
   York, Pennsylvania 17401-1231

6. **Robert Foltz**
   First General Services
   227 Springdale Avenue
   York, PA 17403

7. **John Senft, Fire Chief**
   City of York Fire Department
   43 South Duke Street
   York, PA 17401

8. **Scott Davidson, Fire Chief**
   City of York Fire Department
   43 South Duke Street
   York, PA 17401

9. **David L. Leber, Assistant Chief**
   City of York Fire Department
   43 South Duke Street
   York, PA 17401

10. **Officer Troy Cromer**
    York Police
    West Manchester Township
    2501 Catherine Street
    York, PA 17404

11. **Charlie Robertson**
    828 W. Princess St.
    York, PA 17404

12. **Lt. Tom Arnold**
    Lancaster Fire Department
    3190 Greenridge Drive
    Lancaster, PA 17601

13. **John W. Giambalvo**
    208 Knob Creek Lane
    York, PA 17405

14. **Richard Wonders**
    1290 Christensen Road
    York, PA

15. **Al Budrow**
    3979 Craig Avenue
    Dover, PA 17315

16. **Elizabeth Ocasio**
    561 S. Queen Lane
    York, PA

17. **Annette Ocasio**
    561 S. Queen Lane
    York, PA

18. **Rosalynn Ocasio**
    561 S. Queen Lane
    York, PA

19. **Robert Lee Johnson**
    336 E. Poplar Street
    York, PA

20. **Joshua Ezeikel Ortiz**
    349 S. George Street
    York, PA

21. **Karen Neiman**
    417 Walnut Street
    York, PA

F.  **Summary of Expert Witnesses' Testimony**

Officer Troy Cromer will testify with regard to his investigation and determination of the origin and cause of the subject fire.

G.   **Pleadings and Discovery Issues**

Defendant Al Budrow has not answered J&J's Third-Party Complaint and OCG's Rule 14(a) Cross Claim.

H.   **Summary of Legal Issues**

Defendants J&J, Wonders and Budrow are liable under ordinary claims of negligence. Apart from this well-established tort theory, plaintiff intends to raise the following issues:

1.   Pennsylvania has adopted Restatement (Second) of Torts § 365:

> A possessor of land is subject to liability to others outside of the land for physical harm caused by the disrepair of a structure or other artificial condition thereon, if the exercise of reasonable care by the possessor or by any person to whom he entrusts the maintenance and repair thereof
>
> (a)   would have disclosed the disrepair and the unreasonable risk involved therein, and
>
> (b)   would have made it reasonably safe by repair or otherwise.

Ford v. Jeffries, 379 A.2d 111 (Pa. 1977) (quoting Restatement (Second) of Torts §365). See Tranetero v. Stem, 2002 WL 1773019 (E.D.Pa.). In Ford v. Jeffries, the Pennsylvania Supreme Court held that the owner of a vacant property can reasonably be expected to know that the visible conditions of vacant property in a state of disrepair may attract, for various purposes, children or adults, who, having entered the property might act, either negligently or intentionally, in a manner that would cause a fire. Id. at 113. In Ford, the property had been vacant for some months and was in the state of disrepair. Windows were broken; there were holes in the walls; latticework had been torn down; the property was infested with rats; dogs wandered in and out of the basement; and the property smelled. The plaintiff next-door neighbor complained to the defendant about the condition of the property. The plaintiff reported the condition of the property to the City of Pittsburgh. Following the complaint, the defendant placed wooden boards across windows, however, the house remained in a general state of disrepair. The facts and

7

surrounding circumstances involved in the Ford case are virtually indistinguishable from the present action.

    2.    Pennsylvania has adopted §435 (1) of the Restatement (Second) of Torts, which states:

> If the actor's conduct is a substantial factor in bringing about harm to another, the fact that the actor neither foresaw nor should have foreseen the extent of the harm or the manner in which it occurred does not prevent him from being liable.

Ford at 114. See Churbuck v. Union Railroad Company, 110 A.2d 210 (Pa.1955).

    3.    Also, Pennsylvania has adopted section 448 of the Restatement (Second) of Torts which states:

> The act of a third person in committing an intentional tort of crime is a superseding cause of harm to another resulting therefrom, although the actor's negligent conduct created a situation which afforded an opportunity to the third person to commit such a tort or crime, unless the actor at the time of his negligent conduct realized or should have realized the likelihood that such a situation might be created, and that a third person might avail himself of the opportunity to commit such a tort or crime.

Ford, at 115; See Anderson v. Bushong Pontiac Company, Inc., 171 A.2d 771 (Pa. 1961); Brooks v. Marriot Corporation, 522 A.3d 618 (Pa. Super. 1987).

    4.    Pennsylvania has adopted Restatement (Second) of Torts § 324 A which provides:

> One who undertakes, gratuitously or for consideration, to render services to another which he should recognize as necessary for the protection of a third person or his things, is subject to liability to the third person for physical harm resulting from his failure to exercise reasonable care to protect his undertaking, if
>
>     (a) his failure to exercise reasonable care increases the risk of such harm, or
>
>     (b) he has undertaken to perform a duty owed by the other to the third person, or
>
>     (c) the harm is suffered because of reliance of the other or the third person upon the undertaking.

Feld v. Merriam, 485 A.2d 742 (Pa. 1984).

8

I. **Stipulations Desired**

Plaintiff requests that the defendants stipulate to plaintiff's damages.

J. **Estimated Length of Trial**

This trial is expected to last five days.

K. **Other Issues**

None.

L. **Exhibits**

See list attached hereto as Exhibit "A".

M. **Special Verdict Questions**

None.

N. **Defendant's Statement Pursuant to Rule 16.2**

Not applicable to this party.

O. **Certification Pursuant to Local Rule 30.10**

No trial depositions were taken in this matter.

P. **Requests Pursuant to Local Rule 48.2**

Not applicable to this action.

Respectfully submitted,

COZEN O'CONNOR

BY:_____
HAYES A HUNT, ESQUIRE
The Atrium - Third Floor
1900 Market Street
Philadelphia, PA 19103
(215) 665-4734
Attorneys for Plaintiff Ohio Casualty Group as subrogee of Eric Staub

## CERTIFICATE OF SERVICE

I, HAYES A. HUNT, ESQUIRE, the undersigned, hereby certify that a true and correct copy of plaintiff's foregoing Pretrial Memorandum was forwarded to all interested parties by first-class mail, postage prepaid, addressed as follows:

**Martin A. Durkin, Jr., Esquire**
DURKIN & ASSOCIATES
One Penn Center, Suite 1520
1617 John F. Kennedy Blvd.
Philadelphia, PA 19103

**Michael Scheib, Esquire**
GRIFFITH, STRICKLER, LERMAN, SOLYMOS & CALKINS
110 S. Northern Way
York, PA 17402

**Al Budrow**
3975 Craig Avenue
Dover, PA 17315

Dated: August 20, 2002

_____
Hayes A. Hunt

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

OHIO CASUALTY GROUP, as :
Subrogee of ERIC STAUB :
9450 Seward Road :
Fairfield, Ohio 45014 :
      Plaintiff, :
                                 : CIVIL ACTION NO:
      v. : 1:CV01-0785
                                 :
J & J INVESTMENT MANAGEMENT : JURY TRIAL DEMANDED
COMPANY :
208 Knob Creek Lane :
York, PA 17402 :
      Defendant/Third-Party Plaintiff :

      v. :

AL BUDROW :
3975 Craig Avenue :
Dover, PA 17315 :
      Third-Party Defendant :

      and :

RICHARD EDWARD WONDERS, t/a :
WONDERS GENERAL CONTRACTOR :
2765 Windsor Road :
Windsor, PA 17366 :
      Third-Party Defendant. :

## EXHIBIT FORM

Plaintiff reserves the right to introduce the following exhibits into evidence at the time of trial, together with all exhibits identified by the defendants in their Pretrial Memorandum, and all exhibits whose identities are discovered hereinafter:

    P.1      Wonders General Contractor billing invoice no.: 32425 dated January 19, 2000;

    P.2      Wonders General Contractor billing invoice no.: 32428 dated May 15, 2000;

| | |
|---|---|
| P.3 | Correspondence authored by Complaint Inspector Russell Dorm, City of York Inspections Officer: Bureau of Permits and Health Licensing, addressed to J&J Investment management Company and dated March 15, 2000; |
| P.4 | Correspondence authored by Complaint Inspector Russell Dorm, City of York Inspections Officer: Bureau of Permits and Health Licensing, addressed to J&J Investment management Company and dated May 10, 2000; |
| P.5 | Photographs of subject premises taken by Complaint Inspector Russell Dorm dated March 2, 2000; |
| P.6 | Photographs of subject premises taken by Complaint Inspector Russell Dorm dated April 12, 2000; |
| P.7 (A&B) | Photographs of subject premises taken by Complaint Inspector Russell Dorm dated May 8, 2000; |
| P.8 | Commonwealth of Pennsylvania non-traffic citation no.: P1478056-6 dated May 8, 2000; |
| P.9 | Commonwealth of Pennsylvania, County of York summons for a summary case non-traffic, docket no.: NT-0000559-00 dated May 12, 2000; |
| P.10 | Handwritten investigative file notes authored by Complaint Inspector Russell Dorm; |
| P.10 | City of York Complaint Form signed by Complaint Inspector Russell Dorm dated March 2, 2000; |
| P.11 | Property Maintenance Code of the City of York § 305.01; |
| P.12 | Commonwealth of Pennsylvania, County of York Request for Order for Possession dated January 12, 2000 and signed by John W. Giambalvo; |
| P.13 | City of York Fire Department Incident Report regarding 213 North Broad Street assigned by Assistant Fire Chief David Leber and dated May 27, 2000; |
| P.14 | City of York Fire Department Incident Report regarding 211 North Broad Street assigned by Assistant Fire Chief David Leber and dated May 27, 2000; |

P.15    City of York Fire Department Incident Report regarding 209 North Broad Street assigned by Assistant Fire Chief David Leber and dated May 27, 2000;

P.16    City of York Fire Department Incident Report regarding 215 North Broad Street assigned by Assistant Fire Chief David Leber and dated May 27, 2000;

P.17    City of York Fire Department Incident Report regarding 219 North Broad Street assigned by Assistant Fire Chief David Leber and dated May 27, 2000;

P.18    Transcribed recorded statement of Mr. Richard Wonders dated October 11, 2000;

P.19    Correspondence authored by John W. Giambalvo, J&J Investment Management Co., addressed to Paul Zedonis of Alan Clarke & Associates, Inc. dated July 19, 2000;

P.20    Correspondence from the City of York, Department of Fire/Rescue Services addressed to John W. Giambalvo dated April 24, 2000;

P.21 (A-Z)    Photographs taken by York Police Officer Troy Cromer;

P.22 (AA-ZZ)    City of York Police Department supplemental (Complaint Report) authored by Officer Troy Cromer dated May 31, 2000;

P.23 (AAA-VVV)    City of York Police Department supplemental (Complaint Report) authored by Officer Troy Cromer regarding the re-interview of Robert Lee Johnson "Hootie" dated June 7, 2000;

P.24    City of York Police Department supplemental (Complaint Report) authored by Officer Troy Cromer regarding the re-interview of Joshua Ezeikel Ortiz dated June 7, 2000;

P.25    City of York Police Department supplemental (Complaint Report) authored by Officer Troy Cromer regarding an interview with John W. Giambalvo dated June 7, 2000;

P.26    City of York Police Department supplemental (Complaint Report) authored by Officer Troy Cromer regarding an interview with Mr. Al Budrow dated June 7, 2000;

P.27    City of York Police Department supplemental (Complaint Report) authored by Officer Troy Cromer regarding an interview with Eric and Vinette Staub dated June 7, 2000;

| | |
|---|---|
| P.28 | City of York Police Department supplemental (Complaint Report) authored by Officer Troy Cromer regarding an interview with Elizabeth Ocasio dated June 7, 2000; |
| P.29 | City of York Police Department supplemental (Complaint Report) authored by Officer Troy Cromer regarding an interview with Karen Neiman dated June 7, 2000; |
| P.30 | City of York Police Department supplemental (Complaint Report) authored by Officer Troy Cromer regarding an interview with Henry and Gloria Trimmer dated June 7, 2000; |
| P.31 (A-R) | Photographs taken by OCG Claim Adjuster, John Lyter; |
| P.32 | Sworn Statement and Proof of Loss; |
| P.33 | OCG Insurance Policy; |
| P.34 | OCG Claim File; |
| P.35 | Documents produced by defendants in response to plaintiff's discovery requests. |

Plaintiff reserves the right to introduce into evidence all documents marked as exhibits to any deposition taken in this matter.

Plaintiff also reserves the right to amend, append and revise the list of exhibits prior to trial with notice to opposing counsels, including, but not limited to adding exhibits provided by opposing counsel after service hereof and rearranging the order of exhibits for trial.

Respectfully submitted,

COZEN O'CONNOR

BY: _____
HAYES A HUNT, ESQUIRE
The Atrium - Third Floor
1900 Market Street
Philadelphia, PA 19103
(215) 665-4734
Attorneys for Plaintiff Ohio Casualty

4