UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| OHIO CASUALTY GROUP, as<br>Subrogee of ERIC STAUB<br>9450 Seward Road<br>Fairfield, Ohio 45014<br>　　　Plaintiff,<br><br>v.<br><br>J & J INVESTMENT MANAGEMENT<br>COMPANY<br>208 Knob Creek Lane<br>York, PA 17402<br>　　　Defendant/Third-Party Plaintiff<br><br>v.<br><br>AL BUDROW<br>3975 Craig Avenue<br>Dover, PA 17315<br>　　　Third-Party Defendant<br><br>and<br><br>RICHARD EDWARD WONDERS, t/a<br>WONDERS GENERAL CONTRACTOR<br>2765 Windsor Road<br>Windsor, PA 17366<br>　　　Third-Party Defendant. | CIVIL ACTION NO:<br>1:CV01-0785<br><br>JURY TRIAL DEMANDED |

**PROPOSED JURY INSTRUCTIONS OF PLAINTIFF OHIO
CASUALTY GROUP, AS SUBROGEE OF ERIC STAUB**

**Proposed Jury Instruction 1:**

The Ohio Casualty Group, is the plaintiff in this civil trial, is not required to prove its case by the standard applied in a criminal trial, namely proof beyond a reasonable doubt. The beyond the reasonable doubt standard has absolutely no relevance in this case. Plaintiff is only required to prove that its contentions are more likely true than not. If plaintiff satisfies this burden of proof, in other words, if the scaled of justice tip ever so slightly in favor of plaintiff, you must render a verdict for Ohio Casualty Group, as subrogee of Eric Staub.

Based on Pennsylvania's Suggested Standard Jury Instruction, Civ.5.50 (1991).

**Proposed Jury Instruction 2:**

While the burden is on the plaintiff to prove its claim by a preponderance of evidence, this rule does not, of course, require proof to an absolute certainty, because proof to an absolute certainty is seldom possible in any case.

In a civil action such as this, it is proper to find that the plaintiff has succeeded in carrying its burden of proof on an issue of fact, if after considering all the evidence in this case, you believe that what is sought to be proved on a particular issue is more likely true than not. Thus, satisfying its burden of proof, it is not as necessary for the plaintiff to definitively establish its claims beyond the possibility of doubt or with certainty, but merely a fair preponderance of evidence.

Based on Devitt, Blakmar and Wolff, <u>Federal Jury Practice and Instructions</u>, Vol. 3, § 72.01 (1987).

**Proposed Jury Instruction 3:**

The legal term negligence, otherwise known as carelessness, is the absence of ordinary care which a reasonably prudent person would exercise under the circumstances presented. Negligent conduct may consist either of an act or failure to act, when there is a duty to do so. In other words, negligence is the failure to do something which a reasonably careful person would do, or the doing of something which a reasonably careful person would not do, in light of all the surrounding circumstances established by the evidence in this case. It is for you to determine how a reasonably careful person would act in those circumstances.

Negligence is that conduct which falls below the standard which is established by law for the protection of others. It involves a foreseeable risk, a threat and danger of entry, conduct which is unreasonable in proportion to the danger.

Based on <u>Pennsylvania Suggested Standard Jury Instructions</u>, Civ. 3.01 (1984); Restatement (Second) of Torts, §282 (1965).

**Proposed Jury Instruction 4:**

In this case you have heard witnesses referred to the Property Maintenance Code of the City of York. You may consider the York Property Maintenance Code as evidence of the proper standard of care, which has been adopted as part of a governmental code. You may consider the standards of the York Property Maintenance Code as substantive proof of the standard of conduct required of all the defendants.

See, Jackson v. Sprague, 503 A.2d 944 (Pa. Super. 1986); Joseph v. Harris Corp., 677 F.2d 985 (3d Cir. 1982).

**Proposed Jury Instruction 5:**

If you decide that a witness has deliberately falsified his testimony on any significant point, you should take this into consideration deciding whether or not to believe the rest of his testimony; you may refuse to believe the rest of his testimony, but you are not required to do so.

<u>Pennsylvania Suggested Standard Jury Instructions</u>, Civ. 5.05 (1991).

**Proposed Jury Instruction 6:**

One who owns land in a developed or residential area has a duty to make reasonable inspections of the property, and to correct any conditions unreasonably dangerous to others which could be discovered by the exercise of reasonable care and which could be made reasonably safe by repair or otherwise.

Therefore, if you find that the location of defendant's property was in a developed or residential area, and that the plaintiff's harm was caused by a dangerous condition on defendant's property, and that defendant by exercising reasonable care could have discovered the risk arising therefrom and could have made it reasonably safe by repair or otherwise, you may find the defendant liable for the resulting damage.

Pennsylvania Suggested Standard Jury Instructions, Civ. 7.10 (1991).

**Proposed Jury Instruction 7:**

An owner of land is required to use reasonable care in the maintenance and use of his property. If you find that defendant J&J has failed in this regard, this is negligence that may make it liable for any resulting damage to adjacent property. It is for you to decide whether J&J's negligence of maintaining the property in a state of disrepair was a substantial factor in causing the harm to Eric Staub's home.

Based on Pennsylvania Suggested Standard Jury Instructions, Civ. 7.00 (1991) and Ford v. Jeffries, 379 A.2d 111 (Pa. 1977).

**Proposed Jury Instruction 8:**

You may find defendants Richard Wonders and Al Budrow negligent if you find each agreed to render services which there should have recognized as necessary for the protection of the adjacent properties, and the fire resulted from their failure to exercise reasonable care to protect the neighboring properties, if the defendants' failure to exercise reasonable care increased the risk of harm to Eric Staub's home.

Based on Restatement (Second) of Torts §324(a) and Feld v. Merriam, 485 A.2d 742 (Pa.1984).

**Proposed Jury Instruction 9:**

I instruct you that the damages need not be proved with mathematical certainty. You the jury may fairly estimate the Plaintiff's damages based on the information which has been provided to you.

Bolus v. United Penn Bank, 525 A.2d 1215 (Pa. Super. 1987)

**Proposed Jury Instruction 10:**

An owner of property is qualified to provide testimony regarding the value of the property he owns. Sgarlett Estate v. Commonwealth, 158 A.2d 541 (Pa.1960); Richards v. Sun Pipeline Co., 636 A.2d 1162 (Pa. Super 1994).

Thus, in this case, Mr. Eric Staub is permitted to testify as to the value of his home, his personal belongings and his additional living expenses damaged as a result of the fire.

**Proposed Jury Instruction 11:**

In an action such as this, with all the damage to Eric Staub's home, I charge you that the measure of damages to plaintiff is the reasonable cost to repair the damage to the building which resulted from the fire and was caused by the acts or failure to act on the part of the defendants.

Based on <u>Pennsylvania Suggested Standard Jury Instructions</u>, Civ. 6.01J (1991). <u>See</u>, <u>Ribe v. Shoenberger Co.</u>, 62 A.2d 854 (Pa. 1905).

**Proposed Jury Instruction 12:**

Ladies and Gentlemen, under the law and all of the facts and circumstances of this case, the verdict must be in favor for the plaintiff, and against J&J Investment Company, Richard Edward Wonders d/b/a Wonder General Contracting and Al Budrow.

Respectfully submitted,

COZEN O'CONNOR

BY: _____
    HAYES A HUNT, ESQUIRE
    The Atrium - Third Floor
    1900 Market Street
    Philadelphia, PA  19103
    (215) 665-4734
    Attorneys for Plaintiff Ohio Casualty Group as subrogee of Eric Staub

## **CERTIFICATE OF SERVICE**

      I, **HAYES A. HUNT, ESQUIRE,** certify that I served a true and correct copy of the foregoing Proposed Jury Instructions, by placing the same in the U.S. mail, postage pre-paid, on the 23rd day of August 2002 as follows:

**Martin A. Durkin, Jr., Esquire**
DURKIN & ASSOCIATES
One Penn Center, Suite 1520
1617 John F. Kennedy Blvd.
Philadelphia, PA 19103

**Michael Scheib, Esquire**
GRIFFITH, STRICKLER, LERMAN, SOLYMOS & CALKINS
110 S. Northern Way
York, PA 17402

**Al Budrow**
3975 Craig Avenue
Dover, PA 17315

BY: _____
HAYES A. HUNT, ESQUIRE