JUDGE'S COPY

# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **OHIO CASUALTY GROUP, as** | : | |
| **Subrogee of ERIC STAUB** | : | |
| **9450 Seward Road** | : | |
| **Fairfield, Ohio 45014** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | **CIVIL ACTION NO:** |
| **v.** | : | **1:CV01-0785** |
| | : | |
| **J & J INVESTMENT MANAGEMENT** | : | **JURY TRIAL DEMANDED** |
| **COMPANY** | : | |
| **208 Knob Creek Lane** | : | |
| **York, PA 17402** | : | |
| | : | |
| **Defendant/Third-Party Plaintiff** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **AL BUDROW** | : | |
| **3975 Craig Avenue** | : | |
| **Dover, PA 17315** | : | |
| | : | |
| **Third-Party Defendant** | : | |
| | : | |
| **and** | : | |
| | : | |
| **RICHARD EDWARD WONDERS, t/a** | : | |
| **WONDERS GENERAL CONTRACTOR** | : | |
| **2765 Windsor Road** | : | |
| **Windsor, PA 17366** | : | |
| | : | |
| **Third-Party Defendant.** | : | |

FILED
HARRISBURG, PA

OCT 3 0 2002

MARY E. D'ANDREA, CLERK
Per _____
Deputy Clerk

## PLAINTIFF'S PROPOSED VOIR DIRE

Plaintiff, Ohio Casualty Group, by and through its attorney, Hayes A. Hunt of Cozen

O'Connor, respectfully requests that the Court question the jury with the following *voir dire*.

Plaintiff reserves the right to amend, alter or modify these proposed instructions prior to submission

to the jury.

Respectfully submitted,

**COZEN O'CONNOR**

HAYES A. HUNT, ESQUIRE
1900 Market Street
Philadelphia, PA  19103
(215) 665-4734
Attorney for Plaintiff

Date: 10/29/02

1.      Please understand that it is necessary for me as the Judge, in order to adequately administer the judicial process, to ask questions of all members of the jury panel with regard to your qualifications to serve as jurors in this case.  The purpose is not to embarrass any of you, or to delve into your personal affairs.  Rather, my questions are asked so that I, as the Judge, and the attorneys, as well, can assess whether there is anything in a potential juror's background or experience that possibly might affect that person's fairness to either side in this case.

2.      If you are excused, you should understand that it does not represent a judgment about you as a person, or your competence to be a juror in other cases.  Rather, it is only our best judgment that something may make it inappropriate for you to serve in this particular case.

3.      Have any of you had business or social dealings with any of the attorneys in this case or any members of their respective law firms?

4.      Have any of you ever been represented by any of these attorneys or their respective law firms?

5.      This is a civil case.  It is not a criminal case.  Do any of you hold any religious or personal beliefs that will prohibit you from finding in favor of the plaintiff and against the defendant, and awarding a substantial monetary recovery if the evidence warrants such a finding?

6.      As I have previously indicated to you, this case involves a residential fire which occurred on May 26, 2000 at 213 North Broad Street, York, Pennsylvania.

   (a)      Were any of you witnesses to the fire?

   (b)      Did any of you hear or read anything about the fire?

   (c)      Do you have any knowledge at all about the fire?

7.      Have any of you ever been insured by Ohio Casualty Group?

8.      Have you or any members of your family ever been insured by Ohio Casualty Group, the plaintiff in this matter?  If so, would that effect your ability to sit impartially as a juror in this matter?

9.     Have you or any members of your family been either a plaintiff or a defendant in any type of lawsuit?  If so, please provide details.

10.     Would any involvement that you or any members of your family may have had as a plaintiff or a defendant in a lawsuit in any way effect your ability to serve as a fair and impartial juror in this case?

11.     Have you or any members of your family ever been involved in a fire?  If so, would that in any way effect your ability to serve as a fair and impartial juror in this case?

12.     Have any of you ever served on a jury before?  If so, was it a civil or criminal case? Describe the circumstances concerning your prior jury service.

13.     Do you understand that a different burden of proof applies in a civil case than a criminal case?

14.     In this case, the plaintiff is entitled to receive a verdict in its favor, if it establishes by preponderance of evidence that the defendants are legally responsible for the fire and the plaintiff's resulting damages.  Will you award a verdict in favor of the plaintiff if it proves its case by preponderance of the evidence, putting aside anything you may have heard or read about proof beyond reasonable doubt or other inapplicable standards?

15.     Do you believe that you can follow the Court's instructions regarding the appropriate burden of proof in this case?

16.     Would any of you have any difficulty applying the Court's instructions regarding the applicable law in this case even if you personally disagree with those instructions?

17.     Have you or any members of your family ever been employed by an insurance company?  If so, describe.

18.     Would that in any way effect your ability to serve as an impartial juror in this matter?

2

19.    Is there any reason at all, whether I have mentioned it or not, why any of you feel you cannot be fair and impartial jurors in this case?

COZEN O'CONNOR

Respectfully submitted,

_____

HAYES A. HUNT, ESQUIRE
1900 Market Street
Philadelphia, PA  19103
(215) 665-4734
Attorney for Plaintiff