UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| OHIO CASUALTY GROUP, as Subrogee of ERIC STAUB 9450 Seward Road Fairfield, Ohio 45014     Plaintiff, <br><br> v. <br><br> J & J INVESTMENT MANAGEMENT COMPANY 208 Knob Creek Lane York, PA 17402     Defendant/Third-Party Plaintiff <br><br> v. <br><br> AL BUDROW 3975 Craig Avenue Dover, PA 17315     Third-Party Defendant <br><br> and <br><br> RICHARD EDWARD WONDERS, t/a WONDERS GENERAL CONTRACTOR 2765 Windsor Road Windsor, PA 17366     Third-Party Defendant. | CIVIL ACTION NO: 1:CV01-0785 <br><br> JURY TRIAL DEMANDED |

## PLAINTIFF'S SUPPLEMENTAL PROPOSED JURY INSTRUCTIONS

Plaintiff, the Ohio Casualty Group, by and through its attorney, Cozen O'Connor, respectfully requests that the Court charge the jury with the following instructions. Plaintiff reserves the right to amend, alter or modify these proposed instructions prior to submission to the jury.

COZEN O'CONNOR

_____
HAYES A. HUNT, ESQUIRE
1900 Market Street
Philadelphia, PA 19103
(215) 665-4734
Attorney for Plaintiff

## PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 13

As you know, Eric Staub was insured for his losses suffered as a result of the May 26, 2000 fire at his home. Following the fire, the Ohio Casualty Group paid Mr. Staub under his insurance policy. Upon making such payment, the Ohio Casualty Group became subrogated to the rights of Mr. Staub against any party who may be responsible for causing the fire and the resulting damages. This right of subrogation arises by operation of law as well as by the language of the insurance policy. Greater New York Mut. Ins. Co. v. North River Ins. Co., 85 F.3d 1088 (3d Cir. 1996).

In other words, the Ohio Casualty Group, as subrogee of Eric Staub, has the right to seek reimbursement from the defendants. Because all parties stand equal in the eyes of the law, you are to treat the Ohio Casualty Group no differently than any other plaintiff. You are, therefore, to decide this case no differently than you would if Eric Staub had no insurance on his property. If the plaintiff proves the defendants are liable by a preponderance of the evidence under the instructions which I give you, you are to find in its favor as you would any other plaintiff under the same circumstances. Based on Devitt, Blackmar and Wolf, Federal Jury Practice and Instructions, Vol. 3, Sec. 71.04 (1987).

## CERTIFICATE OF SERVICE

I, **HAYES A. HUNT, ESQUIRE,** certify that I served a true and correct copy of the foregoing Supplemental Proposed Jury Instructions, by via Federal Express, on the 2 day of December 2002 as follows:

**Martin A. Durkin, Jr., Esquire**
DURKIN & ASSOCIATES
One Penn Center, Suite 1520
1617 John F. Kennedy Blvd.
Philadelphia, PA  19103

**Michael Scheib, Esquire**
GRIFFITH, STRICKLER, LERMAN, SOLYMOS & CALKINS
110 S. Northern Way
York, PA 17402

**Thomas R. Nell, Esquire**
340 Nell Road
East Berlin, PA  17316

BY: _____
HAYES A. HUNT, ESQUIRE